Jose SALINAS and Maria
Salinas, Appellant,

v.

GARY POOLS, INC., Appellee.

No. 04–99–00812–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 20, 2000.

Rey Perez, Tinsman & Houser, Inc., San Antonio, Susan Barilich, Godwin, White & Gruber, P.C., Dallas, for appellant.

David Lee Cunningham, Killian, Hayden & Cunningham, San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

The issue in this case is whether constructive notice of deed records commenced the running of statutes of limitations on causes of action brought by homeowners against a swimming pool contractor who installed their pool on a public easement. The lawsuit was filed ten years after the pool was installed, but less than two years after the homeowners discovered it had been installed on an easement. The contractor moved for

summary judgment based on statutes of limitations. The homeowners asserted that the discovery rule precluded dismissal. The trial court granted the motion for summary judgment, and the homeowners appeal. We reverse the summary judgment and remand the case to the trial court.

### The Facts

In June of 1988, Jose and Maria Salinas contracted with Gary Pools to install a swimming pool in their yard. Originally, the written plan called for the pool to be installed in the back yard, behind the house. Gary Pools presented the plan to the city of San Antonio, with a diagram of where the pool was to be installed, in order to obtain the requisite permits to build the pool. Gary Pools later determined it was not feasible to install the pool in the backyard, and informed the Salinases they would install the pool in the side yard instead. The contract between Gary Pools and the Salinases was not modified, the revised plan was not submitted to the city of San Antonio, and the pool was installed. Ten years later, in 1998, the Salinases decided to sell their house. When the property was surveyed at the behest of a prospective buyer, they discovered that the swimming pool had been partially installed on a public right of way easement owned by the city. The City of San Antonio Public Works Department has the option of forcing the removal of the pool to expand the public right of way at any time, and this fact, according to the Salinases, has seriously depreciated the value of their property. The Salinases claim that the 1998 title search was the first one they conducted on the property because they had assumed the previous owner's existing mortgage. They further claim that they never knew about the existence of the public easement until that time. The easement was not apparent from a visual view alone.

The Salinases sued Gary Pools under Texas Deceptive Trade Practices Act (DTPA) and common law negligence theories. They asserted that Gary Pools knew or should have known the pool was constructed on the public easement. Gary Pools moved for summary judgment, asserting that the Salinases' causes of action were barred by statutes of limitations, and that the discovery rule was inapplicable because the acts complained of "could have been discovered through examination of public records." As evidence, they pointed to the Salinases' original petition and their response to Gary Pools' request for disclosure. The Salinases responded with summary judgment evidence of their own, asserting that they did not discover the existence of the public easement until they tried to sell the property, less than two years before they sued Gary Pools. The Salinases' summary judgment evidence consisted of affidavits from Jose Salinas and their realtor through whom they attempted to sell their home. Documentary evidence attached to the affidavits include:

(1) a copy of the plat provided by Gary Pools in 1988 to the City of San Antonio showing the prospective placement of the pool in the backyard, which is stamped "Reviewed" by the City of San Antonio Public Works Department with the notation "for flood plain only," and is also stamped "Approved" by the Building Inspector's Office,

(2) a copy of the 1998 earnest money contract on the Salinases' home that fell through,

(3) a copy of a survey performed on their property in 1998 showing the easement thereon and also showing that the easement is recorded in the deed records, and

(4) a copy of the commitment for title insurance provided to the prospective buyers.

### Review of Summary Judgments based on Statutes of Limitations

In a motion for summary judgment, the movant bears the burden to

show there exists no genuine issue of material fact and he is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In reviewing a grant of summary judgment, we take as true all evidence favorable to the nonmovant and make all reasonable inferences in favor of the nonmovant. *See id.* at 548–49.

A defendant who moves for summary judgment on the affirmative defense of limitations has the burden to: (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence, should have discovered the nature of its injury. *See KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746, 748 (Tex.1999). If the defendant conclusively establishes that the statute of limitations bars the plaintiff's action, the plaintiff must then submit summary judgment proof raising a fact issue in avoidance of the statute of limitations. *See id.*

## Accrual of a Cause of Action and the Discovery Rule

In general, a cause of action accrues and limitations begin running when a wrongful act causes a legal injury. *See S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex.1996). In this case, the Salinases claim that Gary Pools' wrongful acts occurred in 1988 when the company installed their swimming pool on a public easement. Thus, the Salinases' DTPA and negligence causes of action filed in 1999 are clearly barred by two year statutes of limitations; their survival hinges on application of the discovery rule. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986) (negligence); TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 1987) (DTPA).

The discovery rule defers accrual of certain causes of action until the plaintiff knew, or exercising reasonable diligence, should have known of the wrongful act causing injury. *See Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 538 (Tex.App.-San Antonio 1999, pet. denied). The discovery rule applies only to limited categories of cases. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex.1998). For example, the rule always applies to DTPA claims, which, according to the statute, accrue on the date on which the false, misleading or deceptive act or practice occurred, or when the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading or deceptive act or practice. *See* TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 1987). The discovery rule also applies to cases involving fraud or fraudulent concealment. *See Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex.1997). However, in order to determine whether the discovery rule applies to other cases—for example, negligence cases—we must analyze the facts to determine whether the nature of the injury is inherently discoverable and the injury itself is objectively verifiable; only then does the discovery rule apply. *See id.; HECI*, 982 S.W.2d at 886; *Advent*, 12 S.W.3d at 538.

## Constructive Notice and Statutes of Limitations

In its motion for summary judgment, Gary Pools maintained that the Salinases had constructive notice of the public easement, as it was a matter of public record, and therefore no issue of fact existed regarding when the Salinases discovered their injury which occurred in 1988. The doctrine of constructive notice creates an irrebuttable presumption of actual knowledge of certain matters. *See HECI*, 982 S.W.2d at 887. It is applied when a person knows where to find the relevant information, and had a duty to find that information, but failed to seek it out. *See Little v. Smith*, 943 S.W.2d 414, 421 (Tex. 1997). The doctrine of constructive notice has limited application, and when the rationale behind application of the doctrine

does not exist, public records will not be held to create an irrebuttable presumption of actual notice. *See HECI*, 982 S.W.2d at 887. For example, in *HECI Exploration Co. v. Neel*, the Texas Supreme Court noted that constructive notice of real property records is necessary to preserve stability and certainty regarding title to real property, and constructive notice of probate records in *in rem* proceedings is necessary because such proceedings are intended to bind all persons. This case is neither a case regarding title to real property, nor is it an *in rem* proceeding. *Id.* Gary Pools does not cite a case outside either of those two categories, which would show that the rationale behind application of the constructive notice doctrine exists within these facts.

### a. DTPA Cause of Action

■■■■ This court has previously held that the doctrine of constructive notice of real property records does not operate to constitute notice to plaintiffs bringing DTPA cases which would begin the running of the statute of limitations. *See Lightfoot v. Weissgarber*, 763 S.W.2d 624, 627 (Tex.App.-San Antonio 1989, writ denied). *See also Johnson v. Prudential Relocation Management*, 918 S.W.2d 68, 70 (Tex.App.-Eastland 1996, writ denied). The *Lightfoot* holding is based on the Texas Supreme Court's holding in *Ojeda de Toca v. Wise*, 748 S.W.2d 449, 451 (Tex. 1988), in which the court held that constructive notice of deed records does not constitute a defense to claims brought under the DTPA. Therefore, we hold that as to the Salinases' DTPA cause of action, the deed records in this case would not constitute constructive notice to commence the running of the statute of limitations. The Salinases produced summary judgment proof showing that they did not discover the easement because no title search was done on the property when they assumed the original owner's existing mortgage, and the easement was not visible to the eye. Whether or not the Salinases exercised reasonable diligence in discovering

their DTPA cause of action remains a question of fact. Because Gary Pools failed to conclusively negate the application of the discovery rule, the summary judgment on the DTPA cause of action is reversed.

### b. Negligence Cause of Action

■■■■ We do not need to determine whether the doctrine of constructive notice as a matter of law trumps the discovery rule with respect to the Salinases' negligence cause of action because, as we will explain, Gary Pools did not prove the Salinases actually had constructive notice more than two years before filing suit. A different issue is whether the discovery rule is even applicable to the negligence cause of action. As we stated, the discovery rule tolls statutes of limitation in negligence cases when the nature of the injury is inherently undiscoverable and the injury itself is objectively verifiable. *See S.V. v. R.V.*, 933 S.W.2d 1, 6–7 (Tex.1996); *HECI*, 982 S.W.2d at 886; *Advent*, 12 S.W.3d at 538. To the extent the Salinases argue that the discovery rule is universally applicable to negligence causes of action as a matter of law, their argument is incorrect.

The Texas Supreme Court in *HECI Exploration Co. v. Neel* discussed the relationship between the doctrine of constructive notice and the discovery rule. In considering whether the plaintiff's cause of action based on "a failure to notify" was inherently undiscoverable for the purpose of determining whether to apply the discovery rule to toll the statute of limitations, the court rejected the defendant's argument that the plaintiff had constructive notice of public records kept by the Railroad Commission. *See HECI*, 982 S.W.2d at 886. The court held that the constructive notice doctrine was only applied in limited circumstances, including suits to try title and probate proceedings. *See id.* However, the court concluded that while certain public records kept by the Railroad Commission did not provide con-

structive notice to the plaintiffs as a matter of law, they were "a ready source of information, and a cause of action for failure to provide that same information [was] not inherently undiscoverable." *See id.* at 887. Therefore, under *HECI*, the fact that the easement in this case was a matter of public record may negate the application of the discovery rule to the Salinases' negligence cause of action against Gary Pools by rendering the cause of action inherently discoverable. However, Gary Pools must show that the easement became a public record more than two years before the Salinases filed their lawsuit. They did not meet that burden.

As we stated earlier, Gary Pools, in order to obtain summary judgment, had to: (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule if it applies. *See KPMG Peat Marwick*, 988 S.W.2d at 748. While the summary judgment evidence produced by the Salinases shows that the easement was revealed by a title search that occurred in 1998, and the easement is recorded in the deed records, the evidence does not show *when* the easement was recorded. Gary Pools did not provide any evidence to show when the Salinases obtained constructive notice, if any. Further, without this information, we cannot make a determination whether the Salinases' negligence cause of action was inherently undiscoverable and thus subject to the discovery rule. Therefore, we must reverse the summary judgment on the negligence cause of action.

The trial court's order granting summary judgment on the Salinases' causes of action is reversed and this case is remanded for trial.