COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES ZIMMERHANZEL AND LINDA ZIMMERHANZEL, | § | No. 08-09-00116-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | |
| v. | § | 25th Judicial District Court |
| | § | |
| JOHNNIE G. GREEN, III, AND STORMWATER RESEARCH GROUP, | § | of Guadalupe County, Texas |
| | § | (TC# 08-0148-CV) |
| Appellees. | § | |

**O P I N I O N**

James and Linda Zimmerhanzel appeal from summary judgments entered in favor of Johnnie Green, III and Stormwater Research Group (SRG).

The Federal Emergency Management Agency (FEMA) creates maps of special flood hazard areas (SFHA), which are defined as areas of land that would be inundated by a flood having a one percent chance of occurring in any given year. *See Nast v. State Farm Fire & Cas. Co.*, 82 S.W.3d 114, 119 n.2 (Tex.App.--San Antonio 2002, no pet.). These areas are commonly referred to as 100-year flood plains. *Id*. Pursuant to the National Flood Insurance Act, lending institutions must determine whether a property is within an SFHA, and if it is, the lender must notify the purchaser before closing and ensure that flood insurance is obtained. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 245 (5th Cir. 2008). A lender may delegate to a third party the task of determining whether a particular piece of property falls within an SFHA if the third party guarantees the accuracy of the information. *Audler*, 519 F.3d at 245. The required insurance may be obtained through FEMA. *See Nast*, 82 S.W.3d at 119 & n.2. If the property is not in an

SFHA, the owner may still buy flood insurance.  *Audler*, 519 F.3d at 245.

In 2004, the Zimmerhanzels bought a house and surrounding land near a creek from William and Nancy Smith.  In connection with the transaction, the Zimmerhanzels' lender obtained a standard flood hazard determination from SRG, which stated that the house on the property was not in an SFHA.  Green performed an appraisal of the property.  The appraisal included a map showing that the house was not in an SFHA.  Likewise, a survey was completed in connection with the transaction, and it did not show the home to be in an SFHA.  Before they closed on the transaction, the Zimmerhanzels reviewed both the appraisal and the survey and were advised by their lender of SRG's determination that the home was not in an SFHA.  However, the Zimmerhanzels also received a disclosure notice from the Smiths, which showed that there had been previous flooding of the property.  The Smiths told the Zimmerhanzels that the property "had taken on an inch or two of water once before."  On the date of the closing, the Smiths assigned their FEMA flood insurance policy to the Zimmerhanzels.

In 2007, the property flooded due to heavy rain.  Thirteen inches of water entered the house.  After the flood, the Zimmerhanzels learned that the house had flooded at least four other times while it was owned by the Smiths.  Linda Zimmerhanzel visited the office of the local flood plain manager and discovered that most of the property, including the house, is in an SFHA.  She asked the flood plain manager to review the matter.  After conducting an inspection, he concluded that the house was more than fifty percent damaged.  As a result, he ordered the home demolished and instructed the Zimmerhanzels that any new residence would have to be

built outside of the flood plain.[1]

The Zimmerhanzels brought suit against several individuals and businesses involved in their purchase of the property, including the Smiths, the lender, and the surveyor. In this appeal, we are concerned only with the Zimmerhanzels' claims against Green and SRG. Regarding both of these defendants, the Zimmerhanzels asserted claims for negligence, negligent misrepresentation, and violation of the Texas Deceptive Trade Practices Act (DTPA). They claim that they would not have bought the property if they had known that it is in an SFHA. SRG and Green sought summary judgment on numerous grounds and, after the Zimmerhanzels responded, they objected to the Zimmerhanzels' summary judgment evidence. The court sustained the objections and granted the motions "in all respects."

On appeal, the Zimmerhanzels raise three issues. They contend that the trial court erred in granting summary judgment for Green, in granting summary judgment for SRG, and in sustaining the objections to their summary judgment evidence. We find it unnecessary to reach the third issue, regarding the summary judgment evidence, because even when that evidence is accepted as true and viewed in the light most favorable to the Zimmerhanzels, we conclude that the summary judgments were properly granted.

When summary judgment is sought and granted on multiple grounds, we will affirm if any of the grounds is meritorious. *See O'Donnell v. Smith*, 234 S.W.3d 135, 140 (Tex.App.--San Antonio 2007), *aff'd*, 288 S.W.3d 417 (Tex. 2009); *Trostle v. Trostle*, 77 S.W.3d 908, 911

---

[1] Unlike the flood plain manager, FEMA determined that the house could be repaired. Although FEMA paid the Zimmerhanzels approximately $59,000 for damage to the house, it refused to cover the cost of tearing down the old house and building a new one, because their policy excluded coverage for the cost of complying with any law requiring demolition.

(Tex.App.--Amarillo 2002, no pet.). Among other grounds, SRG and Green asserted in their summary judgment motions that the Zimmerhanzels' claims are time barred. It is undisputed that a two-year limitations period applies to all of the Zimmerhanzels' claims. *See* Tex.Bus.&Com. Code Ann. § 17.565 (West 2011); Tex.Civ.Prac.&Rem.Code Ann. § 16.003(a)(West Supp. 2010); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998). They filed suit in January 2008. SRG and Green contend that the limitations period began to run in August 2004, when the Zimmerhanzels closed on the house. Relying on the discovery rule, the Zimmerhanzels argue that their claims did not accrue until July 2007, which is when the property flooded and they learned that it was in an SFHA. They suggest that they could not have known that they were buying a house that would flood because they relied on SRG's flood hazard determination, Green's appraisal, and the survey, as well as the Smiths' assurance that the property had only taken on one or two inches of water on one previous occasion.

"As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). The discovery rule operates to defer accrual of a claim until the plaintiffs knew or, in the exercise of reasonable diligence, should have known of the wrongful act causing their injury. *Salinas v. Gary Pools, Inc.*, 31 S.W.3d 333, 336 (Tex.App.--San Antonio 2000, no pet.). The discovery rule always applies to DTPA claims. *Id.*; *see also* Tex.Bus.&Com.Code Ann. § 17.565 (stating that DTPA suits must be filed "within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive

-4-

act or practice.").  Beyond that, the discovery rule is "a very limited exception to statutes of limitations" and applies only when the plaintiffs' injury is inherently undiscoverable and objectively verifiable.  *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001).

"An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence."  *Id*. at 734-35.  "Inherently undiscoverable" does not mean that particular plaintiffs did not discover their particular injuries within the limitations period.  *Id*. at 735.  The issue is whether the injury is of a type that generally is discoverable in the exercise of reasonable diligence.  *Id*.  "Knowledge of facts, conditions, or circumstances that would cause a reasonable person to make inquiry . . . is equivalent to knowledge of the cause of action for limitation purposes."  *Southwest Olshan Found. Repair Co., LLC v. Gonzales*, ___ S.W.3d ___, ___, 2011 WL 149870, at *4 (Tex.App.--San Antonio Jan. 19, 2011, no pet.h.).

When plaintiffs plead the discovery rule, a defendant who moves for summary judgment on the affirmative defense of limitations must prove as a matter of law that there is no genuine issue of material fact about when the plaintiffs should have discovered their injury in the exercise of reasonable diligence.  *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Salinas*, 31 S.W.3d at 336.  If the defendant conclusively establishes that the statute of limitations bars the plaintiffs' claims, the plaintiffs must then submit summary judgment proof raising a fact issue in avoidance of the statute of limitations.  *See KPMG Peat Marwick*, 988 S.W.2d at 748; *Salinas*, 31 S.W.3d at 336.

Here, the Zimmerhanzels were on notice that their new home was subject to flooding at the time of closing:  they knew that it was near a creek; they were advised both in writing and

-5-

orally that the home had flooded previously; and the Smiths assigned their flood insurance to them. These facts and circumstances would cause a reasonable person to inquire further and thus amount to knowledge of the cause of action for limitation purposes. *See Gonzales*, ___ S.W.3d at ___, 2011 WL 149870, at *4. Although the Zimmerhanzels now assert that they would not have bought the property if they had known it was in an SFHA, there is nothing to indicate that the contract to purchase the property was contingent upon this condition, and the Zimmerhanzels did not take any affirmative steps to verify whether the property was in the 100-year flood plain. They simply took the word of the defendants. Their own summary judgment evidence and responses demonstrate that they had the ability to confirm whether the defendants' representations were accurate. Linda Zimmerhanzel averred in an affidavit that after the flood, she "personally reviewed the flood plain maps and could see [her] house located in the SFHA." In their response to Green's summary judgment motion, the Zimmerhanzels stated, "The true location of the SFHA . . . can easily be obtained by reviewing the flood zone maps at the office of the local flood plain manager. In fact, this is precisely how Plaintiffs discovered Green's mistake." And in their response to SRG's motion, they stated, "Following the flood, Plaintiffs reviewed the FEMA flood maps and located the structure within the SFHA themselves." *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001)(holding that statement in a summary judgment response relating to a claim's accrual date was a judicial admission); *Transcontinental Realty Inv., Inc. v. John T. Lupton Trust*, 286 S.W.3d 635, 645-46 (Tex.App.--Dallas 2009, no pet.)(treating statement in a summary judgment response as a judicial admission). The Supreme Court has indicated that public records "are a ready source of information, and a cause of action for failure to provide that same information is not inherently

undiscoverable." *HECI*, 982 S.W.2d at 887.

Because the information regarding the home's location within the SFHA was publicly available and the Zimmerhanzels were on notice that the home was subject to flooding, the discovery rule cannot defer the accrual of their claims until they learned that the home was in an SFHA. SRG and Green established that the claims accrued when the Zimmerhanzels purchased the property and we conclude that the Zimmerhanzels' claims are time barred. The trial court correctly granted summary judgment.

The Zimmerhanzels' first two issues are overruled, and the judgment of the trial court is affirmed.

April 27, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, J., and Larsen, J.
Larsen, J. (Sitting by Assignment)

## CONCURRING OPINION

I concur but write separately to emphasize that the majority's holding must be limited to the facts presented in this case. Initially, I would not place much emphasis, if any at all, on whether the Zimmerhanzels had notice at closing that their home could flood simply because it was near a creek, it had flooded before, and the sellers assigned their flood insurance to them. Indeed, although those facts may generally be sufficient to establish notice to the ordinary buyer, the facts here also demonstrate that the Zimmerhanzels were advised by experts that their house was not located in a Special Flood Hazard Area (SFHA).

-7-

In general, I believe that a buyer should be entitled to rely on experts hired by the mortgage company to determine whether his or her house is located in a Special Flood Hazard Area (SFHA). *See Paul v. Landsafe Flood Determination, Inc.*, 550 F.3d 511, 516-19 (5th Cir. 2008)(determining under Mississippi law that experts retained by lender to perform a flood zone determination owe a duty to the buyer to make correct determinations as the issue is whether the experts could have reasonably foreseen that the buyer would rely on their flood determination).[1] Indeed, the ordinary buyer would not know how to make such a determination as that, in my opinion, requires specialized knowledge. But therein lies the problem with this case. Linda Zimmerhanzel stated in her affidavit that it was easy for her to not only find the SFHA maps, but also to read them and to determine that her house was located within the SFHA zone. Had that evidence not been presented to the trial court, I might reach an opposite conclusion. However, once the Zimmerhanzel demonstrated how simple it was to make such a determination on their own, having also been on notice of the previous flooding in the house, there is no other option but to hold that the Zimmerhanzels, through reasonable diligence, could have discovered their claims at the time they closed on their house.

---

[1] SRG relies on *Audler v. CBC Innovis Inc.*, 519 F.3d 239 (5th Cir. 2008), to assert that the flood zone determination "is not to inform the borrower of the home's flood zone status, but rather to protect the lender and the federal government from the financial risk that is posed by uninsured homes located in flood zones." *Id*. at 252. Thus, *Aulder* concluded that a flood determination company retained by the lender to perform a flood zone determination on a borrower's property does not owe a duty to the borrower as the borrower is not a member of the limited group for whose benefit the determination was intended. *Id*. at 251-252. However, the Fifth Circuit, in making its determination, relied on Louisiana law. *Id*. at 253. I have been unable to find any federal or state cases addressing the issue under Texas law except for dicta in *Wentwood Woodside I, LP v. GMAC Commerical Mortg.. Corp.*, 419 F.3d 310, 323 (5th Cir. 2005). Suffice it to say, I believe that *Paul* reaches the more appropriate result. But that issue need not be decided at this time for the reasons discussed below.

With these comments, I concur.


April 27, 2011

GUADALUPE RIVERA, Justice