**Opinion filed May 30, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00253-CV
_____

### SANTINO AGUIRRE, BRENDA ECHAVARRIA, AND LEROY AGUIRRE, Appellants

### V.

### SCOTT S. AGUIRRE AND IRMA S. AGUIRRE, Appellees

**On Appeal from the County Court at Law**

**Tom Green County, Texas**

**Trial Court Cause No. 11C458-L**

### M E M O R A N D U M   O P I N I O N

Santino Aguirre, Brenda Echavarria, and Leroy Aguirre (Appellants) appeal from the trial court's take-nothing summary judgment in favor of Scott S. Aguirre and Irma S. Aguirre (Appellees). We reverse and remand.

*Background*

On September 20, 2011, Appellants brought suit against Appellees.[1] Santino, Brenda, Leroy, and Scott are siblings. Their mother is Lydia Aguirre.

Appellants alleged in their petition that, on November 22, 1996, Lydia executed a warranty deed in which she conveyed the house located at 2002 Gunter Street in San Angelo, Texas, to each of them and Scott. At that time, Scott was married to Irma, and Scott and Irma lived in the house. Appellants alleged that, in 1998, Appellees requested them to sign a document that would allow Appellees to use the house as collateral for a home improvement loan. Appellants also alleged that they signed the document. Appellants further alleged that "[Appellees] extracted the signatures on the loan agreement document and fraudulently placed them on a Warranty Deed." The deed was purportedly signed by Appellants on April 10, 1998, and it purportedly conveyed Appellants' interests in the house to Appellees. The deed was filed in the Official Public Records of Real Property of Tom Green County on April 30, 1998, and it was recorded in the Official Public Records of Real Property of Tom Green County on May 7, 1998. Based on the filing of the warranty deed, Appellants alleged a common-law fraud claim against Appellees. Appellants sought to recover damages in the amount of $75,000.

Appellees raised the statute of limitations as an affirmative defense in their answer. Appellees alleged that "[Appellants] were charged with notice of their claims at or near the time of the execution and recording of the deed and failed to bring suit in a timely manner." Therefore, Appellees asserted that the statute of limitations barred Appellants' suit.

Appellees filed a traditional motion for summary judgment in which they asserted that the four-year statute of limitations that applies to fraud claims barred Appellants' suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (West

---

[1]Appellees have not filed an appellate brief.

2

2002). Appellees' motion was based on the assertion that Appellants had constructive notice of the allegedly fraudulent warranty deed because it was recorded in the official public records. Specifically, Appellees stated in the motion that "[Appellants] were charged with notice of the contents of the public records, including the Warranty Deed; therefore, their cause of action for fraud accrued no later that [sic] May 7, 1998." Because Appellants did not file their suit until more than four years after the deed was recorded, Appellees asserted that the suit was barred by limitations.

Appellants filed a response to Appellees' motion for summary judgment. Appellants asserted that the filing and recording of the warranty deed in the public records did not charge them with constructive notice of their fraud claim against Appellees. Each of the Appellants signed an affidavit in support of the response. In the affidavits, Appellants stated that they "did not become aware of the fraudulent deed until October 2009." Appellants asserted in their response to the motion for summary judgment that they did not have actual or constructive knowledge of the alleged fraud until October 2009 and that, therefore, the statute of limitations did not bar their suit.

The trial court held a hearing on Appellees' motion for summary judgment. Following the hearing, the trial court entered a final summary judgment in favor of Appellees.

*Issues on Appeal*

Appellants present two issues for review. They contend that the trial court erred when it granted summary judgment (1) because the recording of the warranty deed in the public records did not impute constructive notice of the deed to them for the purpose of the accrual of their fraud claim and (2) because the question of when they discovered or, in the exercise of reasonable diligence, should have discovered the fraud was a fact issue that precluded summary judgment.

3

*Standard of Review*

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). To meet this burden, the defendant must (1) conclusively prove when the cause of action accrued and (2) negate the discovery rule, if it applies and if it has been raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered or, in the exercise of reasonable diligence, should have discovered the nature of its injury. *Id.*; *Salinas v. Gary Pools, Inc.*, 31 S.W.3d 333, 336 (Tex. App.—San Antonio 2000, no pet.).

In our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Evidence is conclusive only if reasonable minds could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

*Analysis*

A four-year statute of limitations applies to a fraud claim. CIV. PRAC. & REM. § 16.004(a)(4). A suit for fraud must be brought within four years after the day the cause of action accrues. *Id.* Generally, a cause of action accrues and limitations begin to run when a wrongful act causes a legal injury. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). However, the discovery rule applies in common-law fraud cases. *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997); *Galindo v.*

4

*Snoddy*, 415 S.W.3d 905, 910 (Tex. App.—Texarkana 2013, no pet.). When the discovery rule applies, the cause of action does not accrue and, consequently, the limitations period does not begin to run until the plaintiff knows or, through the exercise of reasonable diligence, should know of the facts giving rise to the cause of action. *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998).

Appellees asserted in their motion for summary judgment that Appellants had constructive notice of the warranty deed because it was filed and recorded in the public records. Therefore, Appellees argued that Appellants' fraud cause of action accrued no later than May 7, 1998, which was the date the deed was recorded. In some circumstances, constructive notice creates an irrebuttable presumption of actual notice. *HECI*, 982 S.W.2d at 887; *Noble Mortg. & Invs., LLC v. D & M Vision Invs., LLC*, 340 S.W.3d 65, 76 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Generally, the doctrine of constructive notice is applied when a person knows where to find the relevant information, and had a duty to find that information, but failed to seek it out. *See Little v. Smith*, 943 S.W.2d 414, 421 (Tex. 1997); *Salinas,* 31 S.W.3d at 336. The doctrine has limited application, and when the rationale behind application of the doctrine does not exist, public records will not be held to create an irrebuttable presumption of actual notice. *HECI*, 982 S.W.2d at 887; Salinas, 31 S.W.3d at 336–37.

Courts will impose constructive notice of the contents of a public record when a need for stability and certainty exists. The *HECI* court noted that constructive notice of the contents of real property records is necessary to preserve stability and certainty regarding title to real property. *HECI*, 982 S.W.2d at 887. Thus, real property records constitute constructive notice to buyers, but the courts have not generally imposed on others a similar irrebuttable presumption of notice. *Id.*; *Lee v. Perez,* 120 S.W.3d 463, 467 (Tex. App.—Houston [14th Dist.] 2003, no

pet.). The court in *HECI* also noted that constructive notice of the contents of probate records in in rem proceedings is necessary because such proceedings are intended to bind all persons. *HECI*, 982 S.W.2d at 887. Accordingly, a person interested in a probated estate is charged with notice of the will's provisions, and a claim for fraud based on an exclusion from a will must be brought within the applicable limitations period. *Id.* (citing *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981)).

In this case, the title to the house is not in issue, and this case is not a probate proceeding. Instead, Appellants filed a suit for damages based on an allegedly fraudulent deed that was filed after they obtained their interests in the property. Courts have not imposed constructive notice of real property records in similar cases that have involved allegations of fraud or violations of the Deceptive Trade Practices-Consumer Protection Act.[2] *Ojeda de Toca v. Wise*, 748 S.W.2d 449, 451 (Tex. 1988); *Salinas*, 31 S.W.3d at 337; *Boucher v. Wallis*, 236 S.W.2d 519, 526 (Tex. Civ. App.—Eastland 1951, writ ref'd n.r.e.).

There was no summary judgment evidence that Appellants had a reason to believe that their brother and his wife would file a fraudulent deed in an attempt to divest Appellants of their interests in the property. In the absence of such evidence, Appellees failed to establish that Appellants had a duty to periodically check the public records to make sure that no one had filed a fraudulent deed that related to their interests in the property. *Boucher*, 236 S.W.2d at 526. The purpose of the recording laws is to provide notice to subsequent purchasers of the interests conveyed in instruments and not to give protection to perpetrators of fraud. *Id.* Based on the facts, the rationale for imposing constructive notice is lacking in this case. Therefore, we conclude that Appellants did not have constructive notice of the allegedly fraudulent warranty deed.

---

[2]TEX. BUS. & COM. CODE ANN. §§ 17.41–.63 (West 2011 & Supp. 2013).

Appellees failed to meet their summary judgment burden to establish that Appellants' cause of action accrued more than four years before Appellants filed suit. Appellees failed to prove that the statute of limitations barred Appellants' suit as a matter of law. Accordingly, the trial court erred when it granted summary judgment to Appellees. Appellants' first and second issues on appeal are sustained.

*This Court's Ruling*

We reverse the judgment of the trial court, and we remand this cause to the trial court for further proceedings consistent with this opinion.

JOHN M. BAILEY

JUSTICE

May 30, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7