ACCEPTED
03-17-00571-CV
21588604
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/3/2018 4:23 PM
JEFFREY D. KYLE
CLERK

No. 03-17-00571-CV

In the

**Third Court of Appeals**

at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/3/2018 4:23:50 PM
JEFFREY D. KYLE
Clerk

_____

FALL AIR, INC.,

*Appellant*,

v.

PAUL SISSONS,

*Appellee*,

_____

On Appeal from the 425th District Court
of Williamson County, Texas

_____

**APPELLANT'S REPLY BRIEF**

_____

Frederick C. Morello, Esq.
FREDERICK C. MORELLO, PA
Florida State Bar No. 0714933
111 N. Frederick Ave., 2nd Flr.
Daytona Beach, FL 32113
Phone: 386-252-0754
Fax: 386-252-0921
Email: live2freefly@gmail.com

Robert J. Wood, Jr.
State Bar No. 00788712
robert@mylawteam.com
T. Blake Edwards
State Bar No. 24050553
blake@mylawteam.com
LINDQUIST WOOD EDWARDS, LLP
1700 Pacific Avenue, Suite 2280
Dallas, TX 75201
Phone: 214-382-9789
Fax:  214-953-0410

**<u>ORAL ARGUMENT REQUESTED</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS……………………………………………………… ii

INDEX OF AUTHORITIES…………………………………………………... iv

SUMMARY OF ARGUMENT…………………………………………….... 1

ARGUMENT………………………..…………………………………….... 2

I.      SISSONS' APPELLEE'S BRIEF DOES NOT ADDRESS THE FACTS AND ISSUES RAISED IN APPELLANT'S BRIEF AND DOES NOT SATISFY TEX. R. APP. P. 38.2(a)(2)....... 2

II.     DESPITE SISSONS' CLAIM TO THE CONTRARY, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON PLAINTIFF'S DTPA AND BREACH OF FIDUCIARY DUTY CLAIMS BECAUSE SISSONS DID NOT ADDRESS THOSE CLAIMS IN HIS MOTION FOR SUMMARY JUDGMENT…………………………………...… 5

III.    DESPITE HIS BURDEN TO DO SO, SISSONS STILL FAILED TO (1) ESTABLISH THE DATE PLAINTIFF'S CLAIMS ACCRUED, AND (2) NEGATE THE DISCOVERY RULE…………………………………………………….... 9

IV.    SISSONS' ARGUMENT TO REBUT FRAUDULENT CONCEALMENT RELIES SOLELY UPON THE INJURY BEING ONE FRACTURED CT BLADE IN THE RIGHT ENGINE. SISSONS FAILED TO ADDRESS OR REBUT PLAINTIFF'S ARGUMENT ON THE APPLICATION OF THE FRAUDULENT CONCEALMENT DOCTRINE. THE "INJURY" SISSONS IS BEING SUED FOR IS THE INSTALLATION OF PARTS THAT WERE PROHIBITED IN BOTH ENGINES AND WHICH HE FALSELY ATTESTED TO MEETING THE MANUFACTURER AND FAA STANDARDS…………………………………………….... 13

V.    IT IS UNKNOWN WHY SISSONS IS ARGUING AND CITING CASE LAW ON AN "INFORMAL" OR "SPECIAL RELATIONSHIP" FIDUCIARY DUTY. PLAINTIFF HAS REQUESTED THIS COURT TO DECLARE THE RELATIONSHIP BETWEEN IA AND AIRCRAFT OWNER A FIDUCIARY RELATIONSHIP AS A MATTER OF LAW, LIKE THE ATTORNEY-CLIENT RELATIONSHIP…………………………. 15

PRAYER …………………………...…………………………… 16

CERTIFICATE OF COMPLIANCE…………………………………….. 18

PROOF OF SERVICE……………………………………………… 18

# INDEX OF AUTHORITIES

## STATE CASES

*G&H Towing Co. v. Magee,*
347 S.W.3d 293 (Tex. 2011)……………………...…………………......…..…… 5

*Jacobs v. Satterwhite,*
65 S.W.3d 653 (Tex. 2001)…………………………………………….......... 5

*Salinas v. Gary Pools, Inc.,*
31 S.W.3d 333 (Tex. App.—San Antonio 2000, no pet.) ………………….......... 6

*LaGloria Oil and Gas Co. v. Carboline Co.,*
84 S.W.3d 228 (Tex. App.—Tyler 2001, pet. denied)…………………….….…… 6

*Cluck v. Mecom,*
401 S.W.3d 110 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ……..…...... 6

*Dernick Resources, Inc. v. Wilstein,*
312 S.W.3d 864 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ……….……... 6, 7

*Science Spectrum, Inc. v. Martinez,*
941 S.W.2d 910 (Tex. 1997) …………………………………….……….….... 8

## STATUTES

TEX. R. APP. P. 38.2(a)(2)……………………………………………….….…… 2

TEX. BUS. & COM CODE § 17.565……………………………………..….…... 6

## SUMMARY OF ARGUMENT

If the purpose of an Appellee's Brief is to regurgitate what was argued below at Summary Judgment, then Sissons' Appellee's Brief is a model brief. However, if the purpose of an Appellee's Brief is to address and rebut the facts and issues raised in the Appellant's Brief, then Appellee's Brief completely misses the mark. In this case, Sissons has ignored the following facts and issues raised in Appellant's Brief:

- Plaintiff did not discover, until May 2014, that the compressor turbine blades ("CT blades") of both engines of the aircraft owned by Plaintiff (the "Aircraft") were installed too short;

- Plaintiff's injuries in this case are having to re-install the CT blades that were installed too short after Sissons improperly certified they were installed correctly;

- the Aircraft's right engine (the "Right Engine") failure on June 8, 2009 had nothing to do with blade length;

- the Right Engine failure was the result of a single blade cracking as a result of High Cycle Fatigue ("HCF");

- the other 57 CT blades in the Right Engine did not fail on June 8, 2009;

- neither the left engine of the Aircraft (the "Left Engine"), nor the 58 CT blades contained therein, failed on June 8, 2009; and

- there is no evidence or allegation that Sissons did anything wrong with respect to the Right Engine failing because of a CT blade fracture on June 8, 2009.

In fact, the following words are missing completely from Sissons' Brief: "short" (blades), "left engine," or "other engine." The injury Sissons is being sued

for is authorizing the installation of short blades in both engines, which did not cause either engine to fail.

Approximately 90% or more of Sissons' Brief is a recitation of case law, without any application of the facts of those cases to this case. Sissons' Brief relies upon the same old argument that Plaintiff's injury in this case was either the Right Engine failing or a cracked CT blade. However, Sissons fails to explain how an engine failure or cracked CT blade translates to an injury that the CT blades in both engines were installed too short after he attested that they were installed in accordance with Pratt and Whitney and FAA standards on FAA Form 337. Sissons completely ignores the facts that (1) the evidence he submitted to the Trial Court proves that the cracked CT blade had nothing to do with improper blade length and (2) the Left Engine did not fail.

## ARGUMENT

**I. SISSONS' APPELLEE'S BRIEF DOES NOT ADDRESS THE FACTS AND ISSUES RAISED IN APPELLANT'S BRIEF AND DOES NOT SATISFY TEX. R. APP. P. 38.2(a)(2).**

TEX. R. APP. P. 38.2(a)(2) states that, "When practicable, the appellee's brief should respond to the appellant's issues or points in the order the appellant presented those issues or points." Despite this Rule, Sissons' Brief fails to address the facts, issues, and points raised in Appellant's Brief. Regurgitation of summary judgment arguments (which is what Sissons did in his Brief) does not satisfy the purpose of an

Appellee's Brief. Below are just some of the facts raised in Sissons' Brief which are inaccurate and/or misleading and issues and points from Appellant's Brief which Sissons chose to ignore in his Brief.

Sissons' Brief at pages 1-2 states that both engines were inspected in May 2011, but that statement is inaccurate. A reading of C.R. 247-248 does not support that assertion. Only one set of blades in the Right Engine (the engine that failed) were inspected as of that date. (*see also* Court Order that only the blades of the Right Engine were inspected. (C.R. 278-279)). The Right Engine was never released to Plaintiff during the Florida Case. (C.R. 250).

Sissons' Brief at page 1 states that, "Appellant admits the condition of the blades is not something the Appellee was capable of discovering," citing C.R. 72-76. That citation is a cherry picking of Mr. Nardi's (owner of Fall Air) deposition where he explained the theory in the Florida Case that a suspected blade swap may have occurred in trying to discover the cause of the fractured blade. If a blade swap had occurred, Mr. Nardi admitted in his deposition in Sissons' case that Sissons would not have found a blade swap in Century Turbine's records. However, when Plaintiff's expert confirmed there was no blade swap in examining the cause of the fractured blade, that theory in the Florida Case went down the toilet. Sissons ignores the fact that during the second inspection in May, 2014, Plaintiff's expert uncovered the fact that the CT blades were improperly installed below minimum length (C.R.

248) (which had nothing to do with the Right Engine's catastrophic failure, caused by a cracked CT blade). This was the first discovery by Plaintiff of the "injury" caused by Sissons, finding improper parts were installed which was corroborated by the work sheets of Century Turbines that Sissons reviewed prior to examining FAA Form 337. (C.R. 248-250, 258-267, 280-283, 304, 314-319, 393, 395, 403).

The fact that the CT blades were installed too short in both engines was admitted by Sissons' counsel to the Trial Court at the summary judgment hearing. (R.R. Vol. II, p. 21). Sissons never explains how one cracked CT blade in one engine translates into short blades being installed in both engines, where there was no CT blade fracture or failure of any CT blade in the Left Engine. Sissons never explains how the expert report by Sherry Labs (C.R. 127-129; 135-137) he relied upon at summary judgment, concluding the CT blade fracture was due to HCF, equates to short blades being installed in both engines. Simply stated, the fractured blade in the right engine was one "injury," the installation of short blades in both engines was a distinct and separate "injury."

Absent from the facts is how or when Sissons learned the CT blades were installed below minimum standards in both engines (R.R. Vol. II, p. 21); likewise absent is why he did not see this in Century Turbine's paperwork (which he would have reviewed before executing the FAA Form 337), which paperwork reflected the

blades were installed below minimum standards. (C.R. 249, 258-267, 280-283, 304, 314 – 319, 393, 395, 403).

## II. DESPITE SISSONS' CLAIM TO THE CONTRARY, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON PLAINTIFF'S DTPA AND BREACH OF FIDUCIARY DUTY CLAIMS BECAUSE SISSONS DID NOT ADDRESS THOSE CLAIMS IN HIS MOTION FOR SUMMARY JUDGMENT.

Apparently recognizing that granting a summary judgment on a claim not addressed in the summary judgment motion is, as a general rule, reversible error,[1] Sissons urges this Honorable Court to affirm the Trial Court's dismissal of Plaintiff's claims for violations of the Texas Deceptive Trade Practices Act ("DTPA") and breach of fiduciary duty (the "Newly-Filed Claims"), even though Sissons did not address those claims in his Motion for Summary Judgment.[2]  According to Sissons, the limitations period for the Newly-Filed Claims is the same as the limitations period for the original claims on which he moved for summary judgment (the "Earlier-Filed Claims").  Thus, Sissons asserts that since he proved entitlement to the limitations defense on the Earlier-Filed Claims (which he did not), the Newly-Filed Claims were properly dismissed even if not addressed in his Motion for Summary Judgment.  *See* Appellee's Brief at pp. 21-22.

---

[1] *G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011); *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001).
[2] The Newly-Filed claims were included in Plaintiff's First Amended Petition that was filed after Sissons filed his Motion for Summary Judgment, and Sissons opted not to amend that Motion. (Second Supp. 9-10; C.R. 7-14).

The problem with this argument is that Sissons focused solely on the limitations period for the respective claims (i.e. 2 and 4 years), without addressing whether the Earlier-Filed Claims and Newly-Filed Claims "accrued" at the same time. In attempting to establish when Plaintiff's Earlier-Filed Claims accrued, Sissons asserted in his Motion for Summary Judgment and continues to assert in his Appellee's Brief that that the discovery rule **did not apply** to the Earlier-Filed Claims. *See* Appellee's Brief at pp. 4, 11-14. Sissons argues that Plaintiff's injury was "not inherently undiscoverable" and, as a result, "there is no basis for application of the discovery rule to toll the accrual of any limitations period." (C.R. 12-13); *see also* Appellee's Brief at p. 9.

Sissons ignores, however, that the discovery rule is built into the DTPA and thus *"always applies to DTPA claims."* *Salinas v. Gary Pools, Inc.*, 31 S.W.3d 333, 336 (Tex. App.—San Antonio 2000, no pet.) (emphasis added); *see also LaGloria Oil and Gas Co. v. Carboline Co.*, 84 S.W.3d 228, 238 (Tex. App.—Tyler 2001, pet. denied); TEX. BUS. & COM CODE § 17.565. Similarly, *"the Texas Supreme Court has held that a fiduciary's misconduct is inherently undiscoverable."* *Cluck v. Mecom*, 401 S.W.3d 110, 118 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (emphasis added).[3]

---

[3] A breach of fiduciary duty of disclosure (Sissons failed to disclose that the repairs were not made in accordance with Pratt & Whitney standards ) is also tantamount to concealment for limitations

Based on his belief that the discovery rule has no application in this case, Sissons made no attempt to establish the date on which Plaintiff discovered or in the exercise of reasonable diligence should have discovered the occurrence of Sissons' wrongful conduct. As a result, Sissons made no attempt to establish when Plaintiff's DTPA or breach of fiduciary duty claims **accrued**. He is thus disingenuous in arguing to this Honorable Court that his purported entitlement to a limitations defense on fraud and negligence somehow translates to the same defense on Plaintiff's DTPA and breach of fiduciary duty claims.

In attempting to convince this Honorable Court to affirm summary judgment on Plaintiff's Newly-Filed Claims, Sissons further argues "harmless error." Specifically, Sissons argues that those claims in the Amended Petition are barred by limitations, that there is no fiduciary duty owed by him to Plaintiff, and that as a result those claims would be dismissed anyway. *See* Appellee's Brief at pp. 22-23. As an initial matter, Sissons failed to address when Plaintiff's DTPA and breach of fiduciary duty claims accrued. Therefore, he has not established his limitations defense on those claims. Further, Sissons did not move for summary judgment on

---

purposes and "the statute of limitations for a breach of fiduciary duty claim does not begin to run until the claimant 'knew or should have known of facts that in the exercise of reasonable diligence would have led to the discovery of the wrongful act.'" *Dernick Resources, Inc. v. Wilstein*, 312 S.W.3d 864, 878 (Tex. App.—Houston [1st Dist.] 2009, no pet.) citing *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997).

the basis of him not being a fiduciary of Plaintiff,[4] and thus, likewise has not established his entitlement to summary judgment on that issue.

Sissons' final argument on this issue is that Plaintiff waived its argument that summary judgment on all of Plaintiff's claims was improper when Sissons only moved for summary judgment on the Earlier-Filed Claims. *See* Appellee's Brief at p. 22. There are several problems with this argument. First, Sissons cites no legal authority in support of it. Although he cites as authority Tex. R. App. P. 31.1, that rule deals with "Filing the Record" and does not support his argument. Second, Sissons fails to explain how Plaintiff would even raise this issue in the Trial Court. In Plaintiff's Response to Sissons' Motion for Summary Judgment, all of Plaintiff's pending causes of action (including those added in the Amended Petition) were listed for the Trial Court to see, along with case law governing the standard for summary judgment and the movant's burden on those causes. (C.R. 226, 228, 229). Plaintiff also addressed in its summary judgment response and at the summary judgment hearing how Plaintiff's DTPA claim was distinct from the other claims pled, in that it did not require a showing of "inherent undiscoverability" and/or "objective

---

[4] *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997) ("A motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone.").

verifiability" and that "constructive notice" does not apply to a DTPA claim. (C.R. 237-239); (R.R. Vol. VII, pp.18-21).

Yet, despite Sissons moving for summary judgment on some, but not all, of Plaintiff's claims, the Trial Court granted summary judgment on ***all claims*** a few days after the hearing. How and why would Plaintiff be on notice that the Trial Court would grant summary judgment on ***all claims*** if they were absent from Sissons' motion and requested relief, when there was no opportunity for Plaintiff to object. Plaintiff first learned the Trial Court would address the Newly-Filed Claims when it granted summary judgment on **all claims**, even those absent from Sissons' motion. Plaintiff did argue at the hearing that the concepts of "inherent undiscoverability," "objective verifiability" and constructive notice did not apply to a DTPA claim in the amended petition. (R.R. Vol. II, pp. 18-21).

## III. DESPITE HIS BURDEN TO DO SO, SISSONS STILL FAILED TO (1) ESTABLISH THE DATE PLAINTIFF'S CLAIMS ACCRUED, AND (2) NEGATE THE DISCOVERY RULE.

The entirety of Sissons' argument concerning the date Plaintiff's causes of action accrued (Section II of his Brief) and his argument for why the discovery rule does not apply in this case (Section III of his Brief) is based upon his underlying assertion that Plaintiff's "injury" occurred on June 8, 2009—the date a single blade

in the Right Engine of the Aircraft failed as a result of HCF. Indeed, Sissons makes the following references to Plaintiff's "injury" in his Brief:

- ***"Appellant's injury, and hence when the causes of action accrued, occurred no later than June 8, 2009, when one of the engines failed in flight."***

- ***"On the day that the engine catastrophically failed, June 8, 2009, Appellant knew that it had suffered an injury*** and that the engine failure was the result of a failed compressor turbine blade."

- "More than 6 years passed between ***the date Appellant knew that it suffered a catastrophic injury, in June 8, 2009,*** and the date Appellant filed its negligence and fraud claims in the Court Below, on November 4, 2015."

- "***The injury alleged to have been suffered occurred on June 8, 2009, when the engine catastrophically failed in flight.***"

*See* Appellee's Brief at pp. x, 1, 4, 9 (emphasis added).

There are multiple flaws with Sissons' claim that Plaintiff was "injured" on June 8, 2009.

***First,*** the "injury" that is the subject of this lawsuit is Plaintiff having to re-install—on ***both engines***—the CT blades that were installed too short and below the

manufacturer's standards. The "injury" in this case (as opposed to the injury asserted in the Florida Case against Century Turbines) is **not**, as Sissons would have this Court believe, the Right Engine failing. Sissons' argument that Plaintiff's injury occurred on the date the ***Right Engine*** failed could only possibly make sense if the Right Engine failure was caused by short blades. But there is no evidence of that. The only evidence before the Court is that the Right Engine failed as a result of HCF and had nothing to do with blade length. (CR 104, 106, 107).

***Second,*** Sissons' argument that claims against him began to accrue on the date of the Right Engine failure presumes that he did something wrong in connection with that engine failure. Indeed, Sissons claims in his Brief that, "Appellant uses much of its brief in this Court trying to establish that it could not have known the <u>exact nature of Appellee's alleged wrongdoing</u> or full extent of its damages, and urging this Court to find that accrual does not start until Appellant <u>knew of the precise nature of the alleged wrongdoing of Appellee</u>." *See* Appellee's Brief (emphasis added) at p. 7. But this is not a case of Plaintiff not knowing the "<u>exact nature</u> of Sissons' wrongdoing" as of the date of the Right Engine failure; this is a case of Plaintiff having no reason to believe (and still having no reason to believe) that Sissons did anything at all wrong in connection with that engine failure that was caused by single fractured blade. Thus, it makes no sense for the Right Engine failure to be the operative date for limitations purposes for the claims against

Sissons.  Sissons apparently believes that claims against the entity that did the work on the engines (Century Turbines) accrue on the same date as the claims against him (the *inspector* of the work).  In doing so, Sissons wholly fails to recognize that the wrongful acts of him and Century Turbines are different and the injuries suffered are different.

*Third*, Sissons' argument completely ignores the fact that the *Left Engine* (and all 58 CT blades contained therein) did not fail on June 8, 2009 or that the *other 57 CT Blades* in the Right Engine did not fail on June 8, 2009.  In fact, despite Plaintiff making these points in its Appellant's Brief, Sissons did not mention the Left Engine or short blades at all in his Appellee's Brief.

*Fourth*, Sissons' argument presumes that engine failure and IA liability go hand-in-hand.  Without directly telling the Court in so many words, Sissons is arguing that once an aircraft engine fails, the aircraft owner is on notice of claims against an IA.  But there can be engine failure without IA liability.  Indeed, as noted, there is no claim that Sissons did anything wrong with respect to the HCF that caused the Right Engine failure.  Likewise, there can be IA liability without engine failure.  Put another way, at the time the Right Engine failed, on what basis would Plaintiff have sued Sissons?  At that time, it had no idea that the CT blades were installed too short and there was no basis for imposing liability on Sissons with respect to the Right Engine failure.

The bottom line is this: the uncontroverted summary judgment evidence is that Plaintiff did not know that the CT blades in both engines were installed below the manufacturer's specifications until May, 2014 (C.R. 223, 247-49), and thus, Plaintiff did not know of its "injuries" until that date. Rather than finding evidence to rebut Plaintiff's evidence in this regard, Sissons chose to focus on a completely separate injury (Right Engine failure) caused by something completely unrelated to blade length (a blade cracking from HCF) to establish the date Plaintiff's claims accrued. In doing so, Sissons misses the mark on limitations issues and fails to carry his burden of demonstrating when Plaintiff's claims accrued and negating the discovery rule.

## IV. SISSONS' ARGUMENT TO REBUT FRAUDULENT CONCEALMENT RELIES SOLELY UPON THE INJURY BEING ONE FRACTURED CT BLADE IN THE RIGHT ENGINE. SISSONS FAILED TO ADDRESS OR REBUT PLAINTIFF'S ARGUMENT ON THE APPLICATION OF THE FRAUDULENT CONCEALMENT DOCTRINE. THE "INJURY" SISSONS IS BEING SUED FOR IS THE INSTALLATION OF PARTS THAT WERE PROHIBITED IN BOTH ENGINES AND WHICH HE FALSELY ATTESTED TO MEETING THE MANUFACTURER AND FAA STANDARDS.

In arguing that fraudulent concealment does not apply in this case, Sissons first cherry picks the deposition testimony of Mr. Nardi, Fall Air's owner (*see* Appellee's Brief at pp. 15, 16), by citing to Plaintiff's original theory of the Florida Case that the part number of the broken blade in the Right Engine may have indicated

a blade swap. If a blade swap was done by Century Turbines, by the vendor who performed the work, Mr. Nardi explained that Sissons would not have seen it in any documentation by Century Turbines. What Sissons does not address is Mr. Nardi's Affidavit. (C.R. 245-251). His affidavit explained that it was the second expert examination in the Florida Case that revealed that Sissons misrepresented the Form 337 regarding the work being performed in accordance with Pratt and Whitney and FAA standards and that short blades were installed in both engines. (See C.R. 247-250).

The fracture of the blade and Right Engine failure had absolutely nothing to do with improper blade length. Improper blade length was a separate and distinct injury to Plaintiff. The improper and unauthorized parts were installed in both engines. The fractured blade had nothing to do with improper blade length. The fracture was caused by HCF. (C.R. 127-129, 135-137). The injury of the short blade installation was not uncovered until May 21, 2014. (C.R. 248). This was unrebutted by any of Sissons' evidence. The short blades did not cause any failure of either engine. The "injury" Sissons was sued for was authorizing the installation of parts that are prohibited by the manufacturer and the FAA in aircraft engines which Sissons falsely attested to on Form 337 as meeting the manufacturer and FAA requirements.

Sissons does not address case law cited by Plaintiff that Plaintiff's reasonable diligence to uncover fraud is a fact question for jury to determine (Appellant's Brief p. 37) or case law that fraud and/or concealment deal with issues of intent and state of mind and are factual questions for a jury's resolution. Factual disputes are not to be resolved in favor of the movant at summary judgment.

**V. IT IS UNKNOWN WHY SISSONS IS ARGUING AND CITING CASE LAW ON AN "INFORMAL" OR "SPECIAL RELATIONSHIP" FIDUCIARY DUTY. PLAINTIFF HAS REQUESTED THIS COURT TO DECLARE THE RELATIONSHIP BETWEEN IA AND AIRCRAFT OWNER A FIDUCIARY RELATIONSHIP AS A MATTER OF LAW, LIKE THE ATTORNEY-CLIENT RELATIONSHIP.**

Plaintiff made clear in its Appellant's Brief that it was not asking this Honorable Court to declare a fiduciary duty based upon an "informal" or "special relationship." (*See* Appellant's Brief at p. 45). Instead, Plaintiff has requested this Honorable Court to declare a fiduciary duty as a matter of law between an aircraft owner and an inspector designee of the FAA. Plaintiff understands the significance of this request. However, imagine case law holding that there is no fiduciary duty between an IA and the aircraft owner. The consequences to the public would be devastating. An aircraft is a dangerous instrumentality. If an IA makes representations on an FAA Form 337, the aircraft owners rely upon those representations in making determinations that the aircraft is airworthy. This reliance

upon the IA includes private aircraft and commercial airline owners. Sissons could have done the inspection for Southwest Airlines. There is no difference or distinction as to what Sissons' obligations are as an FAA designee when he inspects a private or commercial aircraft.

That relationship between IA and aircraft owner is no different than an attorney-client relationship. The owners are not experts in aviation mechanics, manufacturer's and FAA requirements, but the IA is. The owners and the FAA rely upon the IA to perform the inspection and decide to disapprove the work or to approve it for flight of the aircraft. In an attorney-client relationship, typically one person or entity is harmed as the client by the breach of that fiduciary relationship and such harm is not property damage, physical injury or death. In the relationship between IA and aircraft owner, the breach of the fiduciary duty can result in all the above damages to the aircraft owner, crew, and passengers, along with damage to the general public as a result of the aircraft crashing.

## PRAYER

WHEREFORE, Plaintiff Fall Air, Inc. prays that this Court reverse the Trial Court's granting of summary judgment in favor of Defendant Paul Sissons, remand the case to the Trial Court consistent with such a reversal, and grant Plaintiff all such other and further relief to which it may be entitled.

Respectfully Submitted,

/s/Frederick C. Morello
Frederick C. Morello
      Lead counsel
FREDERICK C. MORELLO PA
Florida State Bar No. 0714933
111 N. Frederick Ave., Second Floor
Daytona Beach, FL 32113
Phone: (386) 252-0754
Fax: (386) 252-0921
Email: live2freefly@gmail.com

Robert J. Wood, Jr.
State Bar No. 00788712
robert@mylawteam.com
T. Blake Edwards
State Bar No. 24050553
blake@mylawteam.com
LINDQUIST WOOD EDWARDS LLP
1700 Pacific Avenue, Suite 2280
Dallas, Texas 75201
(214) 382-9789 – phone
(214) 953-0410 – fax

## CERTIFICATE OF COMPLIANCE

This brief complies with Texas Rules of Appellate Procedure 9.4 because the sections covered by the rule contain 4122 words. The font used in the body of the brief is no smaller than 14 points, and the font used in the footnotes is no smaller than 12 points.

/s/Frederick C. Morello
Frederick C. Morello

## PROOF OF SERVICE

I certify that on January 3, 2018, this **Appellant's Reply Brief** was served on

Defendant's counsel pursuant to Texas Rule of Appellate Procedure 9.5(b) as

follows:

Mr. John J. Reenan **(Via Electronic Filing and Email)**
jreenan@kmlawpllc.com
Texas Bar No. 00789777
Christopher S. Kilgore **(Via Electronic Filing and Email)**
ckilgore@kmlawpllc.com
Texas Bar No. 11398350
Kilgore / McCown, PLLC
2201 Main Street, Suite 212
Dallas, Texas 75201
(214) 296-4850
(972) 532-6496 – facsimile

/s/Frederick C. Morello
Frederick C. Morello