

NUMBER 13-09-00040-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: HELENA CHEMICAL COMPANY

### On Petition for Writ of Mandamus and
### Motion for Emergency Relief

# O P I N I O N

**Before Chief Justice Valdez and Justices Garza and Benavides
Opinion by Justice Garza**

Relator, Helena Chemical Company ("Helena"), has filed a petition for writ of mandamus alleging that respondent, the Honorable Mario E. Ramirez Jr., presiding judge of the 332nd Judicial District Court of Hidalgo County, Texas, abused his discretion by denying Helena's motion to strike the plea in intervention of real parties in interest, Vincente Perez, Evarado Perez, Claudio Perez, and Gerardo Perez (collectively "the Perezes") and by denying Helena's motion to reconsider. We conditionally grant the petition.

## I. BACKGROUND

This petition arises from "toxic soup" litigation in which thousands of plaintiffs (the "original plaintiffs") sought damages from over thirty defendants, alleging that they were harmed as a result of pesticides emanating from the former Hayes-Sammons chemical

plant in Mission, Texas.  We have been asked on several occasions to grant mandamus relief in connection with this case.  *See In re Allied Chem. Corp.*, Nos. 13-08-00206-CV & 13-08-00678-CV, 2009 Tex. App. LEXIS 557 (Tex. App.–Corpus Christi Jan. 27, 2009, orig. proceeding); *In re Allied Chem. Corp.*, No. 13-08-00554-CV, 2009 Tex. App. LEXIS 242 (Tex. App.–Corpus Christi Jan. 15, 2009, orig. proceeding); *In re Allied Chem. Corp.*, No. 13-04-00491-CV, 2004 Tex. App. LEXIS 9931 (Tex. App.–Corpus Christi Nov. 4, 2004, orig. proceeding).

On November 16, 2004, having been denied relief in this Court, the defendants in the underlying suit—including Helena—filed a petition for writ of mandamus with the Texas Supreme Court, contending that the trial court had abused its discretion by consolidating the claims of five plaintiffs and failing to compel those plaintiffs to respond to certain interrogatories within a reasonable time before trial.  *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 655 (Tex. 2007) (orig. proceeding).  Accompanying the petition was a motion to stay the underlying proceedings.  The supreme court granted the motion to stay on March 28, 2005, ordering that "[a]ll underlying proceedings are stayed in Cause No. C-4885-99-F, styled *Alicia Acevedo, et al. v. Union Pacific Railroad Company, et al.*, in the 332nd District Court of Hidalgo County, Texas, pending further order of this Court."

While the petition for writ of mandamus was pending before the supreme court, and prior to the supreme court's granting of the motion to stay, Helena reached a settlement agreement with the original plaintiffs.  The parties to the settlement agreement then sought the trial court's approval of the agreement with respect to the minor and *non compos mentis* plaintiffs.  On March 11, 2005, after hearing argument and testimony, the trial court announced its approval of the settlement agreement.  The trial court subsequently signed final judgments[1] on March 28, 2005, the same day that the supreme court imposed a stay of the proceedings.

---

[1] The trial court signed one final judgment with respect to the minor and *non compos mentis* plaintiffs and one for the remaining plaintiffs.

2

Taking note of the "procedural anomaly," and acting "in the exercise of caution," Helena filed a "Motion to Lift Stay for Limited Purpose" with the supreme court on August 21, 2005, in which it asked that the Court "lift its stay order entered on March 28, 2005, for the express purpose of entering final judgment" pursuant to the settlement between Helena and the original plaintiffs. On August 25, 2006, the supreme court granted the motion and lifted the stay in part. Amended final judgments[2] approving the settlement agreements were signed by the trial court on September 22, 2006.

The Perezes filed their plea in intervention in trial court cause number C-4885-99-F on April 20, 2006, after the stay was imposed but before the amended final judgments were entered with respect to Helena. In the plea, the Perezes made claims as wrongful death beneficiaries of Amparo Perez, who resided near the Hayes-Sammons pesticide plant and died of cancer on April 20, 2004.

On June 15, 2007, by a five-to-four decision, the supreme court granted the petition for writ of mandamus filed on November 16, 2004 by Helena and the other defendants. *In re Allied*, 227 S.W.3d at 655. The majority held that "in mass tort cases involving hundreds of parties and complicated causation questions, a trial judge could not postpone responses to basic discovery until shortly before trial." *Id.* (citing *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995)); *but see id.* at 664 (Jefferson, C.J., dissenting) (noting that plaintiffs had already supplemented their discovery responses and mandamus was inappropriate because the case was moot). Accompanying the ruling was an order lifting the stay of the trial court proceedings for all purposes.

Helena subsequently filed a motion with the trial court to strike the Perezes' plea in intervention, contending that it is void because it was filed while the supreme court's stay was in effect. The trial court denied the motion to strike on October 27, 2008, and denied a motion to reconsider on January 21, 2009. Helena then filed the instant petition for writ of mandamus on January 22, 2009, challenging both of those rulings. On January 23,

---

[2] *See supra* note 1.

3

2009, we granted Helena's emergency motion for stay and ordered all trial court proceedings stayed as to Helena only until further order of this Court.

## II. Standard of Review

Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner; or, stated differently, when it acts without reference to guiding rules and principles. *See, e.g., Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). Additionally, an abuse of discretion occurs when the trial court clearly fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

In the context of determining whether a party has an "adequate" appellate remedy, "'adequate' . . . has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Prudential*, 148 S.W.3d at 136. Whether an appellate remedy is "adequate" so as to preclude mandamus review depends heavily on the circumstances presented and is better guided by general principles than by simple rules. *Id.* at 137. In *In re Prudential*, the supreme court noted that:

> Mandamus review of significant rulings in exceptional cases may be essential to [1] preserve important substantive and procedural rights from impairment or loss, [2] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and [3] spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.* at 136.

Helena claims that, should it be improperly compelled to remain as a party to the underlying litigation, it would be subject to "extreme prejudice" because it "would be required to participate in burdensome discovery and trial of potentially . . . 1,900 plaintiffs." We agree. The trial court's orders compel Helena to defend against the claims made by

4

the Perezes, despite the fact that Helena already settled with all of the original plaintiffs. Considering the fact that over nine years have elapsed since the original plaintiffs first filed suit, we find good reason to believe that the instant case is "exceptional" in that much "time and money" would be "utterly wasted" if the trial court erred. *See id.* In such a situation, Helena would be required to litigate the case to its conclusion and, if an error occurred, could pursue a remedy only on direct appeal. We conclude that the level of harm potentially suffered by Helena in such a situation is sufficient to merit mandamus review.

### III. Discussion

Helena claims that the Perezes' plea in intervention violated the supreme court's stay, and therefore that the trial court's orders of October 27, 2008, denying Helena's motion to strike the plea, and January 21, 2009, denying Helena's motion to reconsider, constitute clear abuses of discretion. According to Helena, the plea in intervention must either be (1) void, or (2) deemed filed as of the date the stay was completely and finally lifted. The Perezes assert that their plea is not void because they were not parties to the suit on March 28, 2005, the date the supreme court imposed the stay.

Texas Rule of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading subject to being stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60; *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding). The rule authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right. *In re Union Carbide Corp.*, 273 S.W.3d at 154 (citing *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990)).

However, the Perezes' plea was filed while the trial court proceedings were stayed by the supreme court's order. Helena cites several cases in which courts have held that a pleading or motion filed during the pendency of a stay constitutes a violation of that stay and is void. *See City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 8-9 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (construing Tex. Civ. Prac. & Rem. Code Ann. §

5

51.014(b) (Vernon 2008)) (party filed amended petition during pendency of automatic stay imposed by statute due to filing of interlocutory appeal); *Oryx Capital Int'l, Inc. v. Sage Apartments, L.L.C.*, 167 S.W.3d 432, 438 (Tex. App.–San Antonio 2005, no pet.) (party filed notice of non-suit while stay imposed by appellate court was pending); *In re Martinez*, 77 S.W.3d 462, 464 (Tex. App.–Corpus Christi 2002, orig. proceeding) (same); *In re Consol. Freightways*, 75 S.W.3d 147, 149 (Tex. App.–San Antonio 2002, orig. proceeding) (party filed motion to enforce agreement during pendency of stay automatically imposed by insurance code due to other party's insurer being declared "impaired"); *Paine v. Sealey*, 956 S.W.2d 803, 806 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (party served requests for admissions while automatic bankruptcy stay was in effect); *Burrhus v. M & S Mach. & Supply Co., Inc.*, 897 S.W.2d 871, 873 (Tex. App.–San Antonio 1995, no pet.) (holding that appellate deadlines are stayed during pendency of automatic stay imposed by insurance code); *see also Harrell v. NationsBank of Tex.*, No. 07-00-0179-CV, 2000 Tex. App. LEXIS 5038, at *3 (Tex. App.–Amarillo July 27, 2000, no pet.) (not designated for publication) (noting that party intervened and moved to lift a court-imposed stay).

All of these cases, however, involve pleadings filed by individuals or entities that were already parties to the suit at the time the stay was imposed. The question of whether an intervenor is subject to a stay imposed before the intervenor became a party to the suit, on the other hand, is a matter of first impression for this Court.[3] Still, we agree with the

---

[3] The Perezes note correctly that Helena points to no direct authority specifically holding that an intervening party cannot join a lawsuit in which a stay has been imposed. However, the Texas Supreme Court has considered this issue at least once in dicta. In *Terrazas v. Ramirez*, 829 S.W.2d 712 (Tex. 1991) (orig. proceeding), the supreme court considered whether the trial court abused its discretion in approving a settlement agreement regarding legislative redistricting. After finding that the trial court's judgment was improper, the Court discussed whether the relators, two registered voters that were not parties to the underlying proceeding, were entitled to mandamus relief. *Id.* at 723-26. In concluding that they were so entitled, a three-justice plurality noted incidentally that "[r]elators had no reasonable opportunity to intervene in" the underlying case and that "[o]f course, relators could not intervene at [the time the settlement agreement was reached] because of our stay." *Id.* at 724. Helena points to this passage and suggests that the Perezes similarly "could not intervene" during the pendency of a stay. *See id.* The Perezes, on the other hand, point to Justice Mauzy's dissenting opinion in *Terrazas* which suggests the opposite:

> The stay issued by this court would not have prevented the filing of a motion to intervene by Relators, who were not parties at the time the stay was issued nor covered by its express terms. Moreover, there is no reason they could not, as did the State, petition this court to lift the stay to allow consideration of such a motion.

6

general rule that a pleading filed during the pendency of a court-imposed stay must be considered ineffective for as long as the stay is in effect, regardless of whether the entity filing the pleading was a party to the suit at the time the stay commenced. That is particularly the case here, where the stay imposed by the supreme court applied by its own terms to the underlying case itself, and not to any particular party or parties. *Cf.* 11 U.S.C. § 362 (providing generally for an automatic stay in cases involving a particular party; i.e., a bankruptcy debtor or estate).

Nevertheless, in the present circumstances, a declaration that the Perezes' plea in intervention is entirely void and of no effect would be unjust. Parties to the suit at the time the stay is imposed are notified of the stay; any actions subsequently made by such parties in the trial court are rightfully considered violations of the stay and are void as a matter of law. But a party attempting to intervene during the pendency of a stay should not be held to the same standard as a party that is already part of the suit, because the intervenor does not receive formal notice of the stay.[4] A plea in intervention made by an entity or individual that was not a party to the suit at the time the stay was imposed ought not to be

---

*Id.* at 743 (Mauzy, J., dissenting). In any event, we do not consider *Terrazas* persuasive in either direction because (1) the comments made on the availability of intervention during a court-imposed stay were dicta, and (2) neither comment was endorsed by a majority of the Court.

[4] Helena asserts that, because the supreme court's stay order was in the trial court's records, the Perezes had constructive knowledge of the stay—and an irrebuttable presumption arose that the Perezes had actual knowledge thereof—prior to intervening. *See Trousdale v. Henry*, 261 S.W.3d 221, 236 n.6 (Tex. App.–Houston [14th Dist.] 2008, pet. filed). However, the doctrine of constructive notice has limited application, and when the rationale behind application of the doctrine does not exist, public records will not be held to create an irrebuttable presumption of actual notice. *Salinas v. Gary Pools, Inc.*, 31 S.W.3d 333, 336-37 (Tex. App.–San Antonio 2000, no pet.) (citing *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 887 (Tex. 1998)).

In *Trousdale*, the Fourteenth District Court of Appeals considered whether the limitations period for a legal malpractice suit was tolled under the discovery rule when the defendant was accused of fraudulent concealment. 261 S.W.3d at 234. The court held that the limitations period was not tolled, and plaintiff's suit was therefore barred, because the plaintiff had constructive knowledge of the dismissal of her probate action. *See id.* at 235 (noting that "the estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action"). The rationale behind the application of the constructive notice doctrine in this case was to preclude stale actions that would otherwise be barred by limitations. Helena does not explain how this rationale is applicable in the instant case; thus, we do not consider the Perezes to have had constructive knowledge of the supreme court's stay. *See Salinas*, 31 S.W.3d at 336-37.

7

considered entirely void, but rather must be considered effective as of the date the stay is eventually lifted. *See In re Consol. Freightways*, 75 S.W.3d at 153 (ordering that all pleadings "not directly related to the applicability of the [insurance code] stay" be deemed filed on the day after the stay expires); *Gould v. Sea Link Helicopters, Inc.*, 982 S.W.2d 29, 31 (Tex. App.–Houston [1st Dist.] 1998, no pet.) (considering notice of appeal filed during insurance code stay to be filed on the date the stay is lifted); *see also* TEX. R. APP. P. 8.2 ("A document filed by a party while the proceeding is suspended [due to automatic bankruptcy stay] will be deemed filed on the same day, but after, the court reinstates or severs the appeal and will not be considered ineffective because it was filed while the proceeding was suspended.").

We therefore conclude that the trial court abused its discretion by denying (1) Helena's motion to strike the Perezes' plea in intervention and (2) Helena's motion to reconsider.[5] Instead, the plea in intervention became effective on June 15, 2007, the date the supreme court lifted its stay of the proceedings in trial court cause number C-4885-99-F. Because final judgments had already been entered on September 22, 2006 approving the settlements between Helena and the original plaintiffs, the plea in intervention must be struck as against Helena. *See First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984) (orig. proceeding) ("[A] plea in intervention comes too late if filed after judgment and may not be considered until the judgment has been set aside.") (citing *Comal County Rural High Sch. Dist. No. 705 v. Nelson*, 158 Tex. 564, 314 S.W.2d 956 (1958)).[6] The Perezes' plea in intervention remains in effect with respect to the remaining, non-settling defendants.

## IV. CONCLUSION

We conditionally grant the petition for writ of mandamus, and order the trial court to

---

[5] The Perezes assert that "the trial court cannot have abused its discretion in ruling on an issue of first[ ]impression." However, it is well-established that a trial court has no discretion in determining what the law is, even when the law is unsettled. *In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding); *Huie v. DeShazo*, 922 S.W.2d 920, 928 (Tex. 1996).

[6] Because we find that the plea in intervention must be struck as against Helena, we need not address Helena's additional claim that the doctrine of laches prohibits the Perezes' intervention in the underlying suit because it occurred over six years after the suit was initiated. TEX. R. APP. P. 47.1.

grant Helena's motion to strike by: (1) considering the Perezes' plea in intervention to be effective as of June 15, 2007; and (2) striking the plea in intervention as to Helena. The writ will issue only if the trial court fails to comply. Further, the emergency stay imposed by this Court's order of January 23, 2009 is hereby lifted.

 

 

 

_____
DORI CONTRERAS GARZA,
Justice

Opinion delivered and filed
this the 31st day of March, 2009.