**Opinion issued July 30, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00202-CV

————————————

## IN RE THE UNIVERSITY OF TEXAS MD ANDERSON CANCER CENTER, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator the University of Texas MD Anderson Cancer Center (MDA) seeks a writ of mandamus to compel the trial court to rule on MDA's motion to dismiss with prejudice for failure to serve an adequate expert report.[1] Although a response to the petition was requested, none was filed. We conditionally grant the petition.

---

[1]    The underlying case is *James Stewart, Individually and as Administrator of the Estate of Leslie Stewart v. The University of Texas MD Anderson Cancer Center*,

## Background

The underlying case is a health care liability claim brought by real party in interest, James Stewart. Stewart filed his original petition and furnished MDA with a copy of Stewart's expert report. MDA filed an objection under Section 74.351 to the expert report, claiming the expert report was deficient. MDA also filed a motion to dismiss with prejudice Stewart's claims based on a deficient expert report, under Section 74.351, and a claim of sovereign immunity, under Section 101.106. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.351(b), 101.106(e). The trial court signed an order, stating that it had considered MDA's objection and motions to dismiss and concluded that the report was statutorily deficient, and it granted Stewart a 30-day extension under Section 74.351(c) to cure the report. The trial court denied MDA's motion to dismiss under Section 101.106.

MDA appealed the interlocutory order denying its motion to dismiss based on sovereign immunity and, while that appeal was pending, Stewart filed an amended expert report in November 2016. In December 2016, MDA moved to dismiss based on a claim that the amended expert report was deficient. MDA later filed an unopposed motion for a ruling on its motion to dismiss.

---

cause number 2016-14078, pending in the 165th District Court of Harris County, Texas, the Honorable Ursula A. Hall presiding.

2

On September 28, 2018, the trial court signed an order asserting that all motions filed during the Section 51.014(b) stay were either void or voidable, and directed the parties to file additional briefing concerning this issue. The parties submitted their briefs, but the trial court has never ruled on MDA's motion to dismiss.

**Analysis**

### 1. Duty to Rule

MDA contends that the trial court abused its discretion by not ruling on the motion to dismiss. To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004).

"A trial judge has a legal, nondiscretionary duty to consider and rule on properly filed motions within a reasonable time." *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding) (citing *In re Henry*, No. 04-05-00588-CV, 2005 WL 2085242, at *1 (Tex. App.—San Antonio Aug. 31, 2005, orig. proceeding) (per curiam) (mem. op.)). To show an abuse of discretion in refusing to rule, the relator must show that (1) the trial court had a "legal duty to perform a nondiscretionary act;" (2) the relator made a demand for performance; and (3) the trial court refused the request. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). If the record shows that the

3

motion was properly filed and brought to the trial court's attention, and a reasonable time has elapsed, an appellate court may grant mandamus relief to compel the trial judge to act. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding)*; Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

Whether a reasonable time for ruling has elapsed is dependent upon the circumstances in the particular case. *See In re Salazar*, 134 S.W.3d 357, 358 (Tex. App.—Waco 2003, orig. proceeding); *Barnes*, 832 S.W.2d at 426. We may consider the trial court's actual knowledge of the motion, the trial court's docket and the court's inherent power to control its docket, an overt refusal to rule, and any other judicial or administrative matters. *See In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding).

### 2. After Disposition of the Interlocutory Appeal, the Trial Court had a Duty to Rule

MDA filed its notice of appeal from the denial of its motion to dismiss for sovereign immunity on October 28, 2016 and the automatic stay became effective to stay all trial court proceedings. Despite the stay, Stewart filed its amended expert report on November 11, 2016 and MDA filed a motion to dismiss for a deficient report.

An interlocutory appeal under Section 51.014 "stays the commencement of a trial in the trial court pending resolution of the appeal." *See* TEX. CIV. PRAC. & REM.

4

CODE § 51.014(b). "An interlocutory appeal under Subsection (a)(3), (5), (8), or (12) also stays all other proceedings in the trial court pending resolution of that appeal." *Id.* MDA filed its interlocutory appeal on October 28, 2016 under Section 51.014(a)(5) and thus, all trial court proceedings were stayed. *See id.* § 51.014(b).

This Court's opinion and judgment in the interlocutory appeal issued on June 15, 2017 and the mandate issued on August 25, 2017. Although the stay was no longer in effect, the trial court did not rule on the motion to dismiss after the mandate issued. MDA continued to request a ruling. The trial court held a hearing in October 2017, but it did not rule. Almost a year later, in September 2018, the trial court signed an order stating:

> It appears that all filings, by all parties, that are the subject of the motions and objections listed herein, were filed during the period of stay and are 'void,' pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b) *or* all filings, by all parties, that are the subject of the motions and objections listed herein, were filed during the period of stay and were "voidable" but became effective when the stay was lifted, pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b).

The trial court asked for short briefs addressing whether the parties' filings were void or voidable. On October 10, 2018, MDA filed a motion and request for an emergency telephonic hearing. Stewart filed a bench brief, arguing that all filings during the stay were legal nullities. And, once the stay was lifted, Steward contended

5

that MDA waited too long to attempt to revive the motion to dismiss, thereby waiving its motion.

MDA responded with a letter brief, arguing that the filings were not void because the trial court retained jurisdiction. MDA further argued that the filings during the stay became effective when the stay was lifted. Despite the parties' briefing on the trial court's concern about whether the motion was void or voidable, no ruling issued.

Stewart argued in the trial court that any actions taken by the trial court or the parties during the pendency of the automatic stay are legal nullities. In support of this argument, Stewart cited three cases: *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding); *Twist v. McAllen Nat'l Bank*, 248 S.W.3d 351 (Tex. App.—Corpus Christi 2007, no pet.); and *Amrhein v. La Madeline, Inc.*, 206 S.W.3d 173 (Tex. App.—Dallas 2010, no pet.). We find all of these cases distinguishable.

*Kimball* involved a request for abatement under the Residential Construction Liability Act (RCLA) that was denied by the trial court. 969 S.W.2d at 524. The court determined that the RCLA required abatement, and even though the motion to abate had been denied, it held that the second amended petition and order denying the abatement were both void. *See id.* at 527 (citing to *Lumbermens Mut. Cas. Co. v. Garza*, 777 S.W.2d 198, 199 (Tex. App.—Corpus Christi–Edinburgh 1989, orig.

6

proceeding)). It is unclear on what basis the court found the petition and order void when no abatement order was in place. *See In re General Motors Corp.*, 296 S.W.3d 813, 824 (Tex. App.—Austin 2009, orig. proceeding) (citing to *Kimball* and questioning its reasoning).

The other two cases cited by Stewart involve bankruptcy stays. *See Twist*, 248 S.W.3d at 355 (holding that "trial court does not acquire jurisdiction over an action commenced during the [bankruptcy] automatic stay," and thus, third-party action filed during bankruptcy stay was void); *Amrhein*, 206 S.W.3d at 174–75 (emphasis omitted) (holding that judgment entered during bankruptcy stay was legal nullity). The Texas Supreme Court has distinguished bankruptcy stays from appellate stays, noting that "Congress acted to deny courts jurisdiction to render judgment in violation of the [bankruptcy] automatic stay." *York v. State*, 373 S.W.3d 32, 40 (Tex. 2012). The Court explained that "[t]he automatic stay in bankruptcy is . . . different, for example, from a stay of proceedings pending appeal which merely stops a court with jurisdiction from proceeding." *Id.* (citing *Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 923–24 (Tex. 2011)).

In *Roccaforte*, the Texas Supreme Court held that actions taken by a trial court during an appellate stay are not void, but are instead voidable.[2] *See Roccaforte*, 341

---

[2]     Although the *Roccaforte* case does not so state, it appears to overrule any previous cases that held trial court actions taken during a Section 51.014 stay were void. *See,*

S.W.3d at 923. If the trial court's actions during the pendency of the stay are not void, it follows that any parties' actions during the stay are also not void.

Although the motion to dismiss, as well as the amended expert report, were filed during the pendency of the stay, we hold that these filings were not void, but were instead "ineffective, for as long as the stay [was] in effect." *See In re Helena Chem. Co.*, 286 S.W.3d 492, 497 (Tex. App.—Corpus Christi 2009, no pet.). After the appeal was disposed, the expert report and motion to dismiss were no longer ineffective and the trial court had the power to rule because there was no longer a stay in effect. *See id.* at 498–99 (holding that plea in intervention filed during stay was not void but became effective when stay was lifted); *but see Lumbermens*, 777 S.W.2d at 199 (holding that relator had no duty to answer movant's discovery requests filed during stay unless movants revived or repropounded null discovery requests). We decline to find *Lumbermens* applicable because it concerned discovery requests served on parties, not motions filed in the trial court requiring a ruling by the trial court.

Because actions taken during a Section 51.014 stay are not void, the expert report and the motion to dismiss that were stayed until disposition of the interlocutory appeal, were ready for ruling once this Court disposed of the appeal.

---

*e.g.*, *City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 9 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The disposition of the appeal occurred at the latest on August 25, 2017 when the mandate issued. *Cf. Helena Chem.*, 286 S.W.3d at 497. The trial court was aware that the motion to dismiss remained pending because MDA continued to remind the trial court of the motion and its failure to rule. The trial court had a ministerial duty to rule on relator's motion to dismiss within a reasonable time. *See Foster*, 503 S.W.3d at 607; *Safety-Kleen Corp.*, 945 S.W.2d at 269. Because it did not rule, the trial court abused its discretion.

## Adequate Remedy by Appeal

MDA contends it has no adequate remedy by appeal because the failure to rule on the motion to dismiss and order the parties to trial defeats a substantive right of relief governed by statute. "In the medical liability context, a defendant health care provider is entitled to have the claim dismissed with prejudice, as defined by statute, for a plaintiff's failure to timely serve a medical expert report." *In re Pollet*, 281 S.W.3d 532, 534–35 (Tex. App.—El Paso 2008, orig. proceeding). If the trial court refuses to rule and enforce a statute, it frustrates the Legislature's intent and and appeal is not an adequate remedy. *Id.* at 535. Thus, we agree with MDA that it has no adequate remedy of appealing the trial court's failure to rule on its motion to dismiss.

## Conclusion

Because the trial court abused its discretion in refusing to rule on the motion to dismiss, and MDA has no adequate remedy by appeal, we lift the stay imposed by order of April 10, 2019, and conditionally grant the petition for writ of mandamus. The writ will issue only if the trial court fails to rule on MDA's motion to dismiss within 30 days of the date of this opinion.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Hightower.