# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-25-00021-CV

**Paul Johnson, Appellant**

**v.**

**Bastrop Central Appraisal District, Appellee**

### FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
### NO. 2333-21, THE HONORABLE J. D. LANGLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Paul Johnson attempts to appeal from the trial court's interlocutory Uniform Scheduling Order, which he contends denied his motion to dismiss filed under the Texas Citizens Participation Act (TCPA).[1] *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011. For the following reasons, we dismiss Johnson's appeal for want of jurisdiction.

Johnson initiated the underlying suit against the Bastrop Central Appraisal District (BCAD) to protest his property taxes. After filing an answer, BCAD filed a motion for an order redetermining Johnson a vexatious litigant.[2] BCAD's filing of its vexatious-litigant

---

[1] The Uniform Scheduling Order does not mention the TCPA motion.

[2] The same trial court had determined Johnson a vexatious litigant in previous litigation that Johnson filed against someone who testified at a BCAD hearing. *See Johnson v. Bastrop Cent. Appraisal Dist.*, No. 03-23-00354-CV, 2024 WL 3073766, at *1 (Tex. App.—Austin June 21, 2024, no pet. (mem. op.); *Johnson v. Tepper*, No 07-23-00146-CV, 2023 WL 5020301, at *1 (Tex. App.—Amarillo Aug. 7, 2023, pet. denied) (mem. op.).

motion stayed the litigation until either (1) the tenth day after the motion was denied or (2) BCAD received written notice that security was posted, if the motion was granted. *See id.* § 11.052(a); *Johnson v. Bastrop Cent. Appraisal Dist.*, No. 03-23-00354-CV, 2024 WL 3073766, at *1 (Tex. App.—Austin June 21, 2024, no pet.) (mem. op.); *Crittendon v. Doe*, No. 09-16-00375-CV, 2017 WL 5179790, at *2 (Tex. App.—Beaumont Nov. 9, 2017, no pet.) (mem. op.) ("[T]he filing of a motion to declare the plaintiff a vexatious litigant stays all other proceedings in the trial court until after the trial court rules on the motion, and the trial court is required to determine the motion.").

While the litigation was stayed, Johnson filed the subject TCPA motion, seeking to dismiss BCAD's motion to redetermine him a vexatious litigant. Johnson's TCPA motion, however, was ineffective due to the stay and remained so for as long as the proceedings were stayed. *See In re University of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00202-CV, 2019 WL 3418568, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (per curiam) (mem. op.) (recognizing general rule that pleadings and motions filed during stay are ineffective while stay is in effect); *In re Helena Chem. Co.*, 286 S.W.3d 492, 497 (Tex. App.—Corpus Christi–Edinburg 2009, orig. proceeding) (same); *see also Johnson*, 2024 WL 3073766, at *6 (noting that because Johnson's TCPA motion was filed during stay, it was ineffective, and trial court accordingly made no ruling on it that was subject to appellate review); *San Antonio River Auth. v. Lewis*, 629 S.W.3d 768, 774–75 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (determining that ineffective amended petition filed during stay while interlocutory appeal was pending became effective and thus live pleading "once the stay was no longer in place").

The trial court held an evidentiary hearing on BCAD's vexatious-litigant motion and thereafter rendered an order determining Johnson vexatious and ordering him to furnish

security within thirty days. The court's order specified that the litigation's stay would continue until Johnson furnished security or the case was dismissed for his failure to do so. After Johnson failed to timely furnish security, the trial court dismissed his case, which dismissal Johnson appealed to this Court. *See Johnson*, 2024 WL 3073766, at *6 (reversing vexatious-litigant order and trial court's dismissal of case and remanding for further proceedings). This Court's September 17, 2024 issuance of mandate in the case and corresponding remand of the cause to the trial court effectively reinstated the case, and we accordingly deem Johnson's TCPA motion to have been filed that same date. *See Lewis*, 629 S.W.3d at 774–75 (deeming amended petition that was filed during stay while interlocutory appeal was pending and was thus ineffective to have been filed upon lift of stay after appeal was resolved); *Chunn v. Chunn*, 929 S.W.2d 490, 493–94 (Tex. App.—Houston [1st Dist.] 1996, no writ) (considering documents filed during bankruptcy automatic stay as prematurely filed and deeming them filed immediately after stay was lifted).

After the case was remanded, however, Johnson did not set his TCPA motion for a hearing. With exceptions not applicable here, a movant must set his TCPA motion for a hearing within sixty days of its filing, and the hearing must occur within ninety days of the motion's filing. *See* Tex. Civ. Prac. & Rem. Code § 27.004. The deadline for the trial court to rule on the motion is triggered by the date the hearing concludes: the court must rule "not later than the 30th day following the date the hearing on the motion concludes," *see id.* § 27.005(a), and if the court does not rule within that time, the motion is "considered to have been denied by operation of law" upon the expiration of the thirty days, *see id.* § 27.008(a); *see also RPM Servs. v. Santana*, No. 06-19-00035-CV, 2019 WL 4064576, at *1 (Tex. App.—Texarkana Aug. 29, 2019, pet. denied) (mem. op.) ("[U]nder the TCPA the thirty-day deadline for the trial court to

3

either expressly rule or have the motion considered denied by operation of law is only triggered by a hearing on the motion to dismiss."). Rather than setting a hearing on his motion, Johnson merely mentioned the "still pending" motion at a January 13, 2025 pre-trial conference hearing—118 days after his TCPA motion was deemed filed.[3] After the January 13, 2025 pre-trial conference hearing, the trial court signed the subject Uniform Scheduling Order, setting the trial for April 28, 2025. Johnson filed a notice of appeal from the Uniform Scheduling Order, contending that the order constitutes a denial of his TCPA motion and entitles him to an interlocutory appeal of such denial. *See* Tex. Civ. Prac. & Rem. Code §§ 27.008, 51.014(a)(12).

The Clerk of this Court advised Johnson that it appeared this Court lacks jurisdiction over Johnson's attempted appeal and requested a response from him demonstrating this Court's jurisdiction, as the Uniform Scheduling Order does not address or rule on the TCPA motion and no other order in the clerk's record constitutes a ruling on it. Johnson filed a timely response acknowledging this Court's prior determination that the trial court did not rule—expressly or by operation of law—on his TCPA motion before he appealed the vexatious-litigant finding and dismissal of his lawsuit. He further argued that the TCPA "clock" had been tolled due to BCAD's vexatious-litigant motion and was restarted upon remand of the case to the trial court. However, he did not explain why he did not set his TCPA motion for a hearing after the remand, noting instead that in a December 30, 2024 pretrial scheduling order—which was signed

---

[3] At the hearing Johnson asked the court to "clarify the status of the TCPA motion" and argued that the motion became "unstayed" after this Court remanded the cause. He argued that because the motion was "still pending" it needed "to be set for a hearing," which could not occur sooner than twenty-one days out because of notice requirements. BCAD responded that the TCPA motion was moot due to this Court's judgment reversing the vexatious-litigant order, and the trial court agreed with BCAD.

4

104 days after his TCPA motion was deemed filed—the trial court recited that the TCPA motion "is still pending determination by this court."

A movant's failure to set a hearing within the "clearly defined periods" in the statute "results in the [movant's] forfeiting the statute's protections." *Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at \*3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op). If the movant "fails in its responsibility to obtain a timely hearing," then the case "can proceed to trial on the plaintiff's claims without the delay of an interlocutory appeal," and "the case should continue as if the motion to dismiss was never filed." *Id.*. Without a timely hearing on the TCPA motion, the trial court is barred from ruling on the motion, whether expressly or by operation of law. *Id.* (citing *Cuba v. Pylant*, 814 F.3d 701, 707 (5th Cir. 2016) ("[U]nder the TCPA framework, the 30-day deadline before a motion is deemed denied by operation of law runs only from the date of the hearing on the motion. But, because no such hearing was held in these cases, the TCPA motion was not denied by operation of law.")); *see Estate of Banks*, No. 05-23-00430-CV, 2023 WL 6834887, at \*1–2 (Tex. App.—Dallas Oct. 17, 2023, no pet.) (mem. op.) ("Where a trial court does not sign an order denying a TCPA motion and the motion is not denied by operation of law because there was no hearing, there is no order subject to an interlocutory appeal."); *Wightman-Cervantes v. Hernandez*, No. 02-17-00155-CV, 2018 WL 798163, at \*4 (Tex. App.—Fort Worth Feb. 9, 2018, pet. denied) (mem. op.) (dismissing appeal for want of jurisdiction because there was no express ruling denying TCPA motion and trial court could not have denied it by operation of law when no hearing was held on motion); *cf. Morin v. Law Off. of Kleinhans Gruber, PLLC*, No. 03-15-00174-CV, 2015 WL 4999045, at \*3–4 (Tex. App.—Austin Aug. 21, 2015, no pet.) (mem. op.) (affirming trial court's order denying TCPA motion *after hearing* on motion because movant did not set hearing within sixty-

5

day deadline and did not demonstrate good cause for setting it thereafter).  Without a hearing on a party's TCPA motion, there can be no ruling—express or by operation of law—that a movant may appeal.  *See Braun*, 2017 WL 4250235, at *4; *see also* Tex. Civ. Prac. & Rem. Code §§ 27.005(a), .008(a) (calculating thirty-day deadline for trial court's express ruling or denial by operation of law from date hearing on TCPA motion concludes).

Because there was no hearing on Johnson's TCPA motion, there is no order subject to an interlocutory appeal and no denial of the motion by operation of law, and we lack jurisdiction over this appeal.  *See RPM Servs.*, 2019 WL 4064576, at *2; *Braun*, 2017 WL 4250235, at *4.  We accordingly dismiss Johnson's attempted appeal for want of jurisdiction.

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed for Want of Jurisdiction

Filed:   May 7, 2025