

# NUMBER 13-25-00253-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RANDALL BOLIVAR

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca[1]**

By pro se petition for writ of mandamus, relator Randall Bolivar, an incarcerated

inmate, contends that the trial court[2] abused its discretion when it held a hearing on

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2021-DCL-05478 in the 357th District Court of Cameron County, Texas, and the respondent is the Honorable Juan A. Magallanes. *See id.* R. 52.2. We note; however, that on May 9, 2025, the Presiding Judge of the Fifth Administrative Judicial Region assigned the Honorable Jose Manuel Bañales to the 357th District Court of Cameron County, Texas, for specified dates, and Judge Bañales has indicated that he may be presiding over other matters in this cause. *See id.*

various motions and issued rulings thereon without providing him with notice and an opportunity to be heard. We conditionally grant the petition for writ of mandamus.

## I.  BACKGROUND

The underlying lawsuit, which originated in 2021, concerns the ownership and control of Bolivar Building and Contracting, LLC (the company), and its assets, including real estate. In short, Nancy P. Vasquez asserts that she owns and controls the company, and that Bolivar, his mother Maria S. Rey, and his recently created company, Bolivar Business Conglomerate, LLC, have improperly claimed ownership over the company and its assets. Further, Anna I. Aguilar contends that because the company has forfeited its charter, she "is the current and only record owner of the tradename" of the company.

During the pendency of the lawsuit, Bolivar was generally represented by counsel and had provided a power of attorney to Rey; however, Bolivar discharged his counsel and revoked Rey's power of attorney, and thereafter attempted to proceed pro se. More specifically, on April 7, 2025, Bolivar filed a "Notice of Change of Service Address" which stated that he had dismissed his counsel on March 25, 2025; that he had revoked Rey's power of attorney; that he was proceeding pro se; and that service of matters pertaining to the lawsuit should be sent to his address in prison at the McConnell Unit in Beeville, Texas. Shortly thereafter, Bolivar's counsel filed a motion to withdraw, which the trial court granted by order signed on April 17, 2025. The order stated that Bolivar's "last known address" was the McConnell Unit in Beeville, Texas, and "that all notices in this case shall be delivered by U.S. Postal Service" to Bolivar at that address. On April 22, 2025, Bolivar again notified the trial court that he had revoked Rey's power of attorney.

On April 23, 2025, the trial court signed an "Order Setting Hearing on all Pending

2

Motions," which provided that a hearing on all pending motions would be held on April 25, 2025. The order does not include the time that the hearing was to occur and does not affirmatively reflect that it was served on the parties. The trial court proceeded with the hearing and issued rulings on the pending motions. According to the transcript of the hearing, the trial court denied: (1) Bolivar's motion to dissolve a temporary restraining order and injunction; (2) Bolivar's traditional and no evidence motion for summary judgment; (3) Bolivar's objection to certain matters that occurred at an April 15, 2025 hearing; (4) Bolivar's plea to the jurisdiction; (5) Bolivar's plea in abatement; (6) Bolivar's request for a declaratory judgment; and (7) Bolivar's special exceptions. The trial court's docket entry regarding the hearing indicates that the trial court also granted Vasquez and the company's motion to allow an expert to appear and provide testimony by Zoom, and further allowed counsel for Rey to withdraw.

Bolivar thereafter filed this original proceeding and requested temporary relief. We granted Bolivar's request for temporary relief, ordered the trial court proceedings to be stayed, and requested the real parties in interest to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.6, 52.8, 52.10.[3] Vasquez and the company filed a response in opposition to the relief requested, and Bolivar filed a reply thereto. Aguilar filed a response in support of Bolivar's petition for writ of mandamus.

## II.   STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836,

---

[3] Bolivar named the Texas Secretary of State, Jane Nelson, as a real party in interest in this original proceeding. *See id.* Nelson has advised the Court that she does not have an interest in nor does she take a position on the propriety of the relief sought in the petition for writ of mandamus.

3

840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). "Mandamus relief is available if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

### III.   NOTICE AND HEARING

"Notice is '[a]n elementary and fundamental requirement of due process.'" *B. Gregg Price, P.C. v. Series 1 – Virage Master LP*, 661 S.W.3d 419, 422 (Tex. 2023) (per curiam) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "The United States Constitution's Due Process Clause and the Texas Constitution's Due Course of Law Clause require adequate procedural due process for parties to a judgment, including notice of trial court proceedings." *Id.* "Such notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 423 (quoting *Mullane*, 339 U.S. at 314). The Texas Rules of Civil Procedure incorporate these precepts regarding hearings and trial settings. *See, e.g.*, TEX. R. CIV. P. 21 (governing filing, service, and notice of court proceedings), 245 (requiring specific notice of a trial setting and "reasonable" notice for subsequent trial settings). Further, due process also requires "an opportunity to be heard at a meaningful time and in a meaningful manner." *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995); *see In re J.N.M.*, 672

S.W.3d 474, 480 (Tex. App.—San Antonio 2023, pet. denied). "When parties are not afforded a meaningful opportunity to be heard, 'the remedy for a denial of due process is due process.'" *B. Gregg Price, P.C.*, 661 S.W.3d at 423 (quoting *Than*, 901 S.W.2d at 933).

Moreover, "[i]t is well-established that litigants cannot be denied access to the courts simply because they are inmates." *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). "All litigants forced to settle disputes through the judicial process have a constitutional right to be heard at a meaningful time in a meaningful manner." *In re L.N.C*, 573 S.W.3d 309, 324 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). In this regard, an inmate does not have an "absolute right" to appear in person in all court proceedings. *In re Z.L.T.*, 124 S.W.3d at 165. Rather, "the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity." *Id.* "If the trial court determines that the inmate's personal appearance is not warranted, then the trial court should allow the inmate to proceed by affidavit, deposition, telephone, or other effective means." *In re L.N.C.*, 573 S.W.3d at 324.

## IV. ANALYSIS

By one issue, Bolivar asserts that the trial court erred by proceeding with a hearing on pending motions and issuing rulings thereon without providing him with notice and an opportunity to be heard. Vasquez and the company assert, in contrast, that the trial court did not abuse its discretion because

> it formally gave [Bolivar's] attorney and [Bolivar's] mother, who had his power of attorney, two days['] notice of a hearing on [Bolivar's] numerous motions filed on the eve of trial without providing the [trial court] with orders to set hearings on the motions and [because Bolivar] discharged his attorney also on the eve of trial but failed, along with his attorney, to file a motion with the [trial court] allowing the attorney to withdraw.

5

Vasquez and the company further assert that Bolivar does not have clean hands, as required to obtain mandamus relief, due to the foregoing conduct, and "because he failed to provide a contact address other than his prison address which made it difficult for the court to be able to give [] him timely notice."

Contrary to the real parties' assertions, Bolivar was not represented by counsel and had already revoked his mother's power of attorney when, on April 23, 2025, the trial court issued notice of a hearing to be held on "all pending motions" at some unidentified time during the day of April 25, 2025. The real parties cite no authority for the propositions that Bolivar's filing of motions "on the eve of trial," failure to file proposed orders setting his motions for hearing, or providing a prison mailing address for service, obviate the requirement to provide Bolivar with the due process rights to notice and an opportunity to be heard.

Vasquez and the company further contend that Bolivar's petition for writ of mandamus is moot because the trial court: (1) scheduled a new hearing on the motions for May 21, 2025, at 8:00 a.m.; (2) reset the case for trial to begin on June 2, 2025; and (3) provided Bolivar with notice of the new hearing and trial dates by mailing notice to Bolivar at the McConnell Unit. *See Abbott v. Mexican Am. Legis. Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 689 (Tex. 2022) (explaining that a case is moot when there is no justiciable controversy between the parties, the parties lack a legally cognizable interest in the outcome of the case, or the court's actions on the merits cannot affect the parties' rights or interests); *see also In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam). However, in connection with this issue, the trial court advised us that it canceled the pretrial hearing set for May 21, 2025.

6

Accordingly, we reject the real parties' contention that this original proceeding has been rendered moot.

Here, as acknowledged by the real parties, Bolivar received only two days' notice of the April 25, 2025, hearing on the pending motions, and he was never notified of the time of the hearing. Thus, Bolivar failed to receive the minimum notice required by the Texas Rules of Civil Procedure in violation of his due process rights and further failed to receive a meaningful opportunity to be heard regarding the pending motions. *See* TEX. R. CIV. P. 21; *B. Gregg Price, P.C.*, 661 S.W.3d at 422; *Than*, 901 S.W.2d at 933. We sustain the issue presented by Bolivar in this original proceeding.

## V.     PENDING MOTIONS

We now address pending motions which we have previously carried with the case or which were only recently received. First, both Bolivar and Aguilar have filed motions under Texas Rule of Civil Procedure 12 seeking to compel counsel for the company to show that it possesses the authority to represent the company in this lawsuit. *See* TEX. R. CIV. P. 12. Vasquez and the company have filed a motion to dismiss or strike Bolivar's motion and have further filed a substantive response thereto, together with a motion for leave to file the same. We grant Vasquez and the company's motion for leave, and we consider this pleading on its merits. In connection with their motions to show authority, Bolivar and Aquilar have also filed a joint pleading in which they request that we strike Vasquez and the company's response to the petition for writ of mandamus. Based on the record presented, Bolivar filed a motion to show authority in the trial court, and the trial court heard that motion on April 25, 2025. The trial court entertained Vasquez and the company's response, and Vasquez presented testimony regarding the matter. The trial

7

court ultimately denied Bolivar's motion to show authority at the hearing. In this original proceeding, we concluded that the trial court erred in proceeding with the hearing on April 25, 2025, and issuing rulings on the pending motions, including the Rule 12 motion, at that time. Accordingly, we defer to the trial court to consider this matter, in the first instance, with proper notice and an opportunity to be heard. We therefore deny Bolivar and Aguilar's motions to show authority, and their joint motion to strike Vasquez and the company's response to the petition for writ of mandamus, and we likewise deny Vasquez's and the company's motion to dismiss or strike.

Second, Bolivar filed a "Motion for Judicial Referral to the Texas HHSC-OIG for Civil/Criminal Investigation of Welfare Recipient Fraud." He requests that an investigation be conducted regarding "the actual or potential fraud against the State of Texas by [Vasquez] in applying for and receiving State Welfare Benefits by withholding the total assets, income, and resources derived from, either legally or illegally, other undisclosed sources." This motion lacks any relevance to the issues presented in this petition for writ of mandamus, and Bolivar makes no showing otherwise. We deny Bolivar's motion.

Third, and finally, Vasquez and the company filed a motion to lift the stay that we imposed on the trial court proceedings. Given our resolution of this original proceeding, we dismiss this motion as moot.

## VI. CONCLUSION

By order issued on May 9, 2025, we granted Bolivar's emergency motion to stay, and we ordered the trial court proceedings to be stayed pending the resolution of this original proceeding or further order of the Court. *See* TEX. R. APP. P. 52.10. We lift the stay previously imposed in this case. *See id.* We hold that any actions that may have

8

been improvidently taken in the trial court in this case from May 9, 2025, until the present, are void. *See In re Bates*, 429 S.W.3d 47, 53 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) ("Orders issued by a respondent trial court in violation of an appellate court stay order are void."); *see also In re Helena Chem. Co.*, 286 S.W.3d 492, 498 (Tex. App.—Corpus Christi–Edinburg 2009, orig. proceeding); *Oryx Capital Int'l, Inc. v. Sage Apartments, L.L.C.*, 167 S.W.3d 432, 438 (Tex. App.—San Antonio 2005, no pet.); *In re El Paso Cnty. Comm'rs Ct.*, 164 S.W.3d 787, 787 (Tex. App.—El Paso 2005, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the responses, the additional briefing, and the applicable law, is of the opinion that Bolivar has met his burden to obtain relief as stated herein. While we appreciate the challenges presented in this case by the fact that Bolivar discharged his counsel and is proceeding pro se as an incarcerated inmate, and we are cognizant that this case should be resolved without further delay, we nevertheless are constrained to hold that Bolivar is entitled to the due process requirements of notice and an opportunity to be heard. However, we caution Bolivar to remain mindful that courts are required to hold pro se litigants to the same standards as licensed attorneys; and pro se litigants must comply with all applicable laws and rules of procedure. *See Zhao v. Sea Rock Inc.*, 659 S.W.3d 119, 128 (Tex. App.—El Paso 2022, pet. denied); *Manning v. Johnson*, 642 S.W.3d 871, 884 (Tex. App.—Texarkana 2021, no pet.).

We conditionally grant the petition for writ of mandamus, and we direct the trial court to vacate the rulings that were rendered on April 25, 2025, without notice and an opportunity to be heard. We further direct the trial court to provide Bolivar with due

process in the future, including all trial court proceedings and the trial of this case, by providing him with appropriate and effective notice and a meaningful opportunity to be heard. Our writ will issue only if the trial court fails to promptly comply.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
30th day of May, 2025.

10